UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

|  |  |
|---|---|
| **In re:**<br><br>**NORANDA ALUMINUM, INC.,** *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 16-_____(___)<br><br>**(Joint Administration Requested)**<br><br>**Hearing Date & Time:**<br>February 9, 2016 at 2:00 p.m.<br>(prevailing Central Time)<br><br>**Hearing Location:**<br>St. Louis Courtroom 5 North |

**DEBTORS' MOTION FOR AN ORDER
PURSUANT TO SECTIONS 105, 341 AND 521 OF THE
BANKRUPTCY CODE, BANKRUPTCY RULES 1007(c),
2002 AND 2003(a) AND LOCAL RULE 1007-6(A) (I) EXTENDING
THE TIME TO FILE SCHEDULES OF ASSETS AND LIABILITIES,
SCHEDULES OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES
AND STATEMENTS OF FINANCIAL AFFAIRS; (II) EXTENDING
THE TIME TO SCHEDULE THE MEETING OF CREDITORS;
(III) WAIVING THE REQUIREMENTS TO FILE EQUITY LISTS
AND PROVIDE NOTICE TO EQUITY SECURITY HOLDERS; AND
(IV) AUTHORIZING THE DEBTORS TO FILE A CONSOLIDATED
LIST OF THE DEBTORS' THIRTY (30) LARGEST UNSECURED CREDITORS**

Noranda Aluminum, Inc. and its affiliated debtors and debtors in possession (each a "Debtor" and, collectively, the "Debtors"), hereby move this Court for entry of an order, pursuant to sections 105, 342 and 521 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 1007(c), 2002 and 2003(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 1007-6(A) of the Local Rules of Bankruptcy Procedure for the

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number and state of incorporation, are: Noranda Aluminum, Inc. (Del.; 5285), Gramercy Alumina Holdings Inc. (Del.; 1941), Gramercy Alumina Holdings II, Inc. (Del.; 2806), NHB Capital, LLC (Del.; 0777), Noranda Alumina LLC (Del.; 4769), Noranda Aluminum Acquisition Corp. (Del.; 8458), Noranda Aluminum Holding Corp. (Del.; 8550), Noranda Bauxite Ltd. (Jamaica), Noranda Bauxite Holdings Ltd. (St. Lucia), Noranda Intermediate Holding Corp. (Del.; 3238) and Norandal USA, Inc. (Del.; 6477). The address of the Debtors' corporate headquarters is 801 Crescent Centre Drive, Suite 600, Franklin, Tennessee 37067.

United States Bankruptcy Court for the Eastern District of Missouri (the "Local Rules"), (i) extending the time to file schedules of assets and liabilities, schedules of executory contracts and unexpired leases and statements of financial affairs to March 24, 2016, (ii) extending the time to schedule the meeting of creditors, (iii) waiving the requirements to file equity lists and provide notice to equity security holders and (iv) authorizing the Debtors to file a consolidated list of the Debtors' thirty (30) largest unsecured creditors.  In support of this motion (the "Motion"), the Debtors rely on the Declaration of Dale W. Boyles in Support of Chapter 11 Petitions and First Day Relief (the "First Day Declaration")[2] and respectfully represent as follows:

## Jurisdiction and Venue

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are sections 105, 341 and 521 of the Bankruptcy Code, Bankruptcy Rules 1007(c), 2002 and 2003(a), and Local Rule 1007-6(A).

## Background

3. On the date hereof (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code thereby commencing the instant cases (the "Chapter 11 Cases").  The Debtors continue to manage and operate their businesses as debtors in possession under sections 1107 and 1108 of the Bankruptcy Code.

---

[2] The First Day Declaration is being filed substantially contemporaneous with this Motion and is incorporated herein by reference.  Capitalized terms used but not defined herein shall have the meanings ascribed to them in the First Day Declaration.

4. No trustee, examiner or official committee has been appointed in the Chapter 11 Cases.

5. Information regarding the Debtors' businesses, their capital and debt structure, and the events leading to the commencement of the Chapter 11 Cases is contained in the First Day Declaration.

### Relief Requested

6. By this Motion, the Debtors request entry of an order (i) extending the fourteen (14) day period to file (a) schedules of assets and liabilities, (b) schedules of executory contracts and unexpired leases, and (c) statements of financial affairs (collectively, the "Schedules and Statements") for an additional forty-five (45) days, without prejudice to the Debtors' ability to request additional time, (ii) authorizing the Office of the United States Trustee for the Eastern District of Missouri (the "U.S. Trustee") to schedule the meeting of creditors under section 341 of the Bankruptcy Code (the "Section 341 Meeting") after the forty (40) day deadline imposed by Bankruptcy Rule 2003(a), (iii) waiving the requirement to file a list of equity security holders for each Debtor (the "Equity Lists") and the requirement to give notice of the order for relief to all equity security holders of the Debtors and (iv) authorizing the Debtors to file a consolidated list of the Debtors' thirty (30) largest unsecured creditors.

7. For the reasons set forth herein, the Debtors submit that the relief requested is in the best interest of the Debtors, their estates, creditors, and other parties in interest, and therefore, should be granted.

### Basis for Relief Requested

**A.   Schedules and Statements and Section 341 Meeting**

8. Section 521 of the Bankruptcy Code and Bankruptcy Rule 1007(b) require the Debtors to file their Schedules and Statements within fourteen (14) days after the Petition

3

Date.  *See* 11 U.S.C. § 521; Fed. R. Bankr. P. 1007(c).  Bankruptcy Rule 1007(c) together with Bankruptcy Rule 9006(b) allows the Court to extend the filing deadline for the Schedules and Statements "for cause shown."  Fed. R. Bankr. P. 9006(b).  Similarly, Local Rule 1007-6(A) provides for extending the filing deadline for Schedules and Statements.

9. Good cause exists for granting an extension of the time to file Schedules and Statements.  To prepare the Schedules and Statements, the Debtors must compile information from books, records, and documents relating to the claims of the Debtors' numerous creditors, as well as the Debtors' many assets and contracts.  This information is voluminous and collecting it requires an enormous expenditure of time and effort on the part of the Debtors, their employees, and their professional advisors in the near term, when such resources would be best used to maintain the stability of the Debtors' business operations.

10. As further explained in the First Day Declaration, the Debtors have spent the months preceding the commencement of the Chapter 11 Cases endeavoring to improve their existing financial arrangements, striving to implement cost saving measures and responding to several disruptions in their operations.  Over the past month, the Debtors' have primarily been focused on obtaining debtor in possession financing, and preparing these Chapter 11 Cases for filing.  Further, on January 7, 2016, the Debtors lost power to two of the three pot lines for smelting primary aluminum at the New Madrid Facility and were forced to curtail production at those pot lines.  This incident required the Debtors and their professionals to redirect a significant amount of their resources.

11. While the Debtors, with the help of their professional advisors, are working diligently and expeditiously on the preparation of the Schedules and Statements, resources have been attenuated.  Not only have the same employees with the expertise to

4

complete the Schedules and Statements been focused on the commencement of the Chapter 11 Cases, they have also been significantly occupied by numerous other restructuring work streams.

12.  Due to the quantity of work necessary to complete the Schedules and Statements and the competing demands upon the Debtors' employees and professionals to assist in efforts to stabilize business operations during the this critical time, the Debtors will not be able to properly and accurately complete the Schedules and Statements within the required fourteen (14) day time period.

13.  At present, the Debtors anticipate that they will require at least forty-five (45) additional days to complete their Schedules and Statements.  The Debtors therefore request that the Court extend the fourteen (14) day time period for an additional forty-five (45) days, through March 24, 2016 without prejudice to the Debtors' right to seek further extensions.

14.  The Debtors submit that the immense volume of information that must be assembled and compiled, the numerous separate locations where the information exists, and the potentially hundreds of employee and professional hours required to complete the Schedules and Statements constitute good and sufficient cause for granting the requested extension of time.  In addition, employee efforts during the initial postpetition period are critical, and the Debtors must devote their time and attention to business operations to maximize the value of the Debtors' estates during the first critical months.

15.  Similar relief to that requested here has been granted by courts in other chapter 11 cases.  *See, e.g.*, *In re Arch Coal, Inc.*, No. 16-40120 (CER) (Bankr. E.D. Mo. Jan. 13, 2016) (granting a forty-five (45) day extension); *In re Bakers Footwear Grp., Inc.*, No. 12-49658-705 (CER) (Bankr. E.D. Mo. Oct. 5, 2012) (granting a thirty (30) day extension); *In re Dry Ice, Inc.*, No. 05-49452 (BSS) (Bankr. E.D. Mo. Jul. 11, 2005) (granting a thirty (30) day

5

extension); (*In re Alpha Natural Res., Inc.*, No. 15-33896 (KRH) (Bankr. E.D. Va. Aug. 5, 2015) (granting a forty-five (45) day extension); *In re Walter Energy, Inc.*, No. 15-02741 (TOM) (Bankr. S.D. Ala. July 15, 2015) (granting a thirty (30) day extension); *In re Patriot Coal Corp.*, No. 15-32450 (KLP) (Bankr. E.D. Va. May 14, 2015) (granting a thirty-one (31) day extension); *In re James River Coal Co.*, No. 14-31848 (KRH) (Bankr. E.D. Va. Apr. 10, 2014) (granting a sixty (60) day extension); *In re Autoseis, Inc.*, No. 14-20130 (RSS) (Bankr. S.D. Tex. Mar. 27, 2014) (granting a forty-five (45) day extension); *In re Patriot Coal Corp.*, No. 12-12900 (SCC) (Bankr. S.D.N.Y. July 12, 2012) (granting a thirty (30) day extension); *In re Eastman Kodak Co.*, No. 12-10202 (ALG) (Bankr. S.D.N.Y. Jan. 19, 2012) (granting a forty-six (46) day extension).

16. Finally, Bankruptcy Rule 2003(a) provides that in a chapter 11 case the U.S. Trustee "shall call a meeting of creditors to be held no fewer than 21 and no more than 40 days after the order for relief." Fed. R. Bankr. P. 2003(a). However, Local Rule 1007-6(A) allows the U.S. Trustee to reschedule the Section 341 Meeting if the Court extends the time for filing the Schedules and Statements to a date that is less than ten (10) days before the Section 341 Meeting. To the extent the U.S. Trustee wishes schedule the Section 341 Meeting on a date that is more than forty (40) days after the Petition Date, the Debtors also request that the Court authorize the U.S. Trustee to do so.

A. **Equity List and Notice to Equity Security Holders**

17. Under Bankruptcy Rule 1007(a)(3), the Debtors are required to file Equity Lists "within 14 days after entry of the order for relief." Fed. R. Bankr. P. 1007(a)(3). Under Bankruptcy Rule 2002(d), unless otherwise ordered by the Court, the Debtors are required to give notice of the order for relief to all equity security holders.

6

18. Noranda Aluminum Holding Corp. ("NAHC"), a Debtor, is a publicly held company. As of January 4, 2016, it had approximately 10,000,000 outstanding shares of publicly-held common stock. Each of the other Debtors has disclosed each of its equity security holders in the corporate ownership statements filed with their respective petitions. The Debtors submit that preparing a list of the equity security holders of NAHC with last known addresses and sending notices to all parties on that Equity List would be extremely expensive and time-consuming. The Debtors further submit that, to the extent it is determined that equity security holders are entitled to distributions from the Debtors' estates, those parties will be provided with notice of the bar date and will then have an opportunity to assert their interests. Thus, equity security holders will not be prejudiced.

19. In addition, the Debtors propose to publish, as soon as practicable after the commencement of these chapter 11 cases, the notice of commencement in the following publications: the *Wall Street Journal*; *St. Louis Post Dispatch*, a St. Louis, Missouri newspaper; *Carroll County News-Leader*, a Huntingdon, Tennessee newspaper; *Williamson Herald*, a Franklin, Tennessee newspaper; *Weekly Record*, a New Madrid, Missouri newspaper; *Salisbury Post*, a Salisbury, North Carolina newspaper; *Newport Independent*, a Newport, Arkansas newspaper; *News-Examiner*, a Gramercy, Louisiana newspaper; and *North Coast Times*, a St. Ann, Jamaica newspaper. The Debtors are confident that these publications, coupled with the national attention these Chapter 11 Cases will surely receive, will most likely reach the equity security holders.

20. Similar relief has been granted in other large chapter 11 cases in this and other jurisdictions. *See, e.g.*, *In re Arch Coal, Inc.*, No. 16-40120 (CER) (Bankr. E.D. Mo. Jan. 13, 2016); *In re Bakers Footwear Grp., Inc.*, No. 12-49658-705 (CER) (Bankr. E.D. Mo. Oct. 5,

7

Case 16-10083    Doc 6    Filed 02/08/16    Entered 02/08/16 04:12:39    Main Document
Pg 8 of 16


2012); *In re Alpha Natural Res., Inc.*, No. 15-33896 (KRH) (Bankr. E.D. Va. Aug. 5, 2015); *In re Walter Energy, Inc.*, No. 15-02741 (TOM) (Bankr. S.D. Ala. July 15, 2015); *In re Molycorp, Inc.*, No. 15-11357 (CSS) (Bankr. D. Del. June 26, 2015); *In re RadioShack Corp.*, No. 15-10187 (KJC) (Bankr. D. Del. Mar. 9, 2015); *In re Autoseis, Inc.*, No. 14-20130 (Bankr. S.D. Tex. Mar. 28, 2014); *In re Patriot Coal Corp.*, No. 12-12900 (SCC) (Bankr. S.D.N.Y. July 12, 2012); *In re Eastman Kodak Co.*, No. 12-10202 (ALG) (Bankr. S.D.N.Y. Jan. 19, 2012).

21. In light of the foregoing, the Debtors submit that ample cause exists for the Court to waive the requirement under Bankruptcy Rule 1007(a)(3) to file the Equity Lists and the requirement under Bankruptcy Rule 2002(d) to send notice of the order for relief to all equity security holders of the Debtors.

**C.**     **Consolidated List of the Debtors' Largest Unsecured Creditors**

22. Pursuant to Bankruptcy Rule 1007(d), a debtor must file "a list containing the name, address and claim of the creditors that hold the 20 largest unsecured claims, excluding insiders." Fed. R. Bankr. P. 1007(d).

23. Here, numerous creditors are shared amongst the Debtors. Compiling separate top twenty (20) creditor lists for each individual Debtor would consume an excessive amount of the Debtors' scarce time and resources. Accordingly, the Debtors request authority to file a single, consolidated list of their thirty (30) largest general unsecured creditors.

24. Moreover, because the Debtors will request the U.S. Trustee to appoint a single official committee of unsecured creditors in these chapter 11 cases, a consolidated list of the Debtors' largest creditors will better represent the Debtors' most significant unsecured creditors. As such, the Debtors believe that filing a single, consolidated list of the thirty (30) largest unsecured creditors in these chapter 11 cases is appropriate. Similar relief has been routinely granted by courts in large, complex chapter 11 cases. *See, e.g.*, *In re Arch Coal, Inc.*,

8

No. 16-40120 (CER) (Bankr. E.D. Mo. Jan. 13, 2016) (authorizing the filing of a consolidated list of the 30 largest unsecured creditors); *In re Alpha Natural Res., Inc.*, No. 15-33896 (KRH) (Bankr. E.D. Va. Aug. 5, 2015) (authorizing the filing of a consolidated list of the 50 largest unsecured creditors); *In re Sabine Oil & Gas Corp.*, No. 15-11835 (SCC) (Bankr. S.D.N.Y. July 16, 2015) (authorizing the filing of a consolidated list of the 30 largest unsecured creditors); *In re Walter Energy, Inc.*, No. 15-02741 (TOM) (Bankr. N.D. Ala. July 15, 2015) (authorizing the filing of a consolidated list of the 50 largest unsecured creditors); *In re RadioShack Corp.*, No. 15-10197 (KJC) (Bankr. D. Del. Feb. 9, 2015) (authorizing the filing of a consolidated list of the 50 largest unsecured creditors); *In re NII Holdings, Inc.*, No. 14-12611 (SCC) (Bankr. S.D.N.Y. Sept. 16, 2014) (authorizing the filing of a consolidated list of the 20 largest unsecured creditors); *In re James River Coal Co.*, No. 14-31848 (KRH) (Bankr. E.D. Va. Apr. 10, 2014) (authorizing the filing of a consolidated list of the 30 largest unsecured creditors).

25. Section 105(a) of the Bankruptcy Code also empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of" the Bankruptcy Code. 11 U.S.C. § 105(a). The Debtors submit that the relief requested in this Motion is appropriate in these chapter 11 cases and is within the Court's equitable powers under section 105 of the Bankruptcy Code.

## Notice

26. Notice of this Motion will be provided to: (i) the U.S. Trustee; (ii) counsel to the agent under the Debtors' ABL Agreement; (iii) counsel to the agent under the Debtors' Term Loan Agreement; (iv) counsel to the ABL DIP Agent; (v) counsel to the Term DIP Agent; (vi) counsel to the Term DIP Credit Parties; (vii) the indenture trustee for the Debtors' senior unsecured notes; (viii) the Internal Revenue Service; (ix) the Securities and Exchange Commission; (x) the United States Department of Labor; (xi) the United States Attorney's Office

for the Eastern District of Missouri; and (xii) the holders of the thirty (30) largest unsecured claims against the Debtors, on a consolidated basis (collectively, the "Notice Parties"). Notice of this Motion and any order entered hereon will be served in accordance with Local Rule 9013-3(A)(1). In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

<div style="text-align: center;">*[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]*</div>

WHEREFORE, the Debtors respectfully request the entry of the Proposed Order granting the relief requested herein and such other and further relief as is just and proper.

Dated: February 8, 2016
St. Louis, Missouri

Respectfully submitted,

CARMODY MACDONALD P.C.

/s/ *Christopher J. Lawhorn*
Christopher J. Lawhorn, #45713MO
Angela L. Drumm, #57678MO
Colin M. Luoma, #65000MO
120 S. Central Avenue, Suite 1800
St. Louis, Missouri 63105
Telephone: (314) 854-8600
Facsimile: (314) 854-8660
cjl@carmodymacdonald.com
ald@carmodymacdonald.com
cml@carmodymacdonald.com

*Proposed Local Counsel to the Debtors and Debtors in Possession*

- and -

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
Alan W. Kornberg
Elizabeth McColm
Alexander Woolverton
Michael M. Turkel
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
akornberg@paulweiss.com
emccolm@paulweiss.com
awoolverton@paulweiss.com
mturkel@paulweiss.com

*Proposed Counsel to the Debtors and Debtors in Possession*

# **Exhibit A**

Proposed Order

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | |
|---|---|
| In re:<br><br>**NORANDA ALUMINUM, INC.,** *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 16-_____(___)<br><br>(Jointly Administered)<br><br>**Re:** Docket Nos. [__] |

**ORDER PURSUANT TO BANKRUPTCY CODE
SECTIONS 105, 341 AND 521, BANKRUPTCY
RULES1007(c), 2002, AND 2003(a), AND LOCAL RULE
1007-6(A) (I) EXTENDING THE TIME TO FILE SCHEDULES
OF ASSETSAND LIABILITIES, SCHEDULES OF EXECUTORY
CONTRACTS AND UNEXPIRED LEASES AND STATEMENTS OF
FINANCIAL AFFAIRS; (II) EXTENDING THE TIME TO SCHEDULE THE
MEETING OF CREDITORS; (III) WAIVING THE REQUIREMENTS
TO FILE EQUITY LISTS AND PROVIDE NOTICE TO EQUITY SECURITY
HOLDERS; AND (IV) AUTHORIZING THE DEBTORS TO FILE A CONSOLIDATED
LIST OF THE DEBTORS' THIRTY (30) LARGEST UNSECURED CREDITORS**

Upon the motion (the "Motion")[2] of Noranda Aluminum, Inc. and its affiliated debtors and debtors in possession (each a "Debtor" and, collectively, the "Debtors") for entry of an order, pursuant to sections 105(a), 341 and 521 of the Bankruptcy Code, Bankruptcy Rules 1007, 2002(d) and 2003(a) and Local Rule 1007-6(A), (i) granting an extension of the time within which the Debtors must file their Schedules and Statements, (ii) authorizing the U.S. Trustee to schedule the Section 341 Meeting after the forty (40) day deadline imposed by Bankruptcy Rule 2003(a), (iii) waiving the requirements to file the Equity Lists and provide

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number and state of incorporation, are: Noranda Aluminum, Inc. (Del.; 5285), Gramercy Alumina Holdings Inc. (Del.; 1941), Gramercy Alumina Holdings II, Inc. (Del.; 2806), NHB Capital, LLC (Del.; 0777), Noranda Alumina LLC (Del.; 4769), Noranda Aluminum Acquisition Corp. (Del.; 8458), Noranda Aluminum Holding Corp. (Del.; 8550), Noranda Bauxite Ltd. (Jamaica), Noranda Bauxite Holdings Ltd. (St. Lucia), Noranda Intermediate Holding Corp. (Del.; 3238) and Norandal USA, Inc. (Del.; 6477). The address of the Debtors' corporate headquarters is 801 Crescent Centre Drive, Suite 600, Franklin, Tennessee 37067.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

notice of the order for relief to such equity security holders and (iv) authorizing the Debtors to file a consolidated list of the Debtors' thirty (30) largest unsecured creditors, as more fully described in the Motion; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of these cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that adequate and proper notice of the Motion has been given and that no other or further notice need be given; and a hearing having been held to consider the relief requested in the Motion; and upon consideration of the First Day Declaration; and upon the record of the hearing and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors and all other parties in interest; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED that:

1. The Motion is GRANTED.

2. Pursuant to sections 105(a) and 521 of the Bankruptcy Code and Bankruptcy Rule 1007(c), the time in which the Debtors shall file their Schedules and Statements is extended for an additional forty-five (45) days, through March 24, 2016 without prejudice to the Debtors' right to seek further extensions.

3. The U.S. Trustee is authorized to schedule the Section 341 Meeting on a date that is more than forty (40) days after the Petition Date.

4. The requirement under Bankruptcy Rule 1007(a)(3) to file the Equity Lists is hereby waived.

14

5. The requirement under Bankruptcy Rule 2002(d) to give notice to all equity security holders of the Debtors of the orders for relief is hereby waived.

6. The Debtors are authorized to file a consolidated list of their thirty (30) largest unsecured creditors in the Debtors' chapter 11 cases in lieu of each Debtor filing a list of its twenty (20) largest unsecured creditors.

7. Notwithstanding any Bankruptcy Rule or Local Rule that might otherwise delay the effectiveness of this Order, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

8. The Debtors are authorized to take all such actions as are necessary or appropriate to implement the terms of this Order.

9. Proper, timely, adequate and sufficient notice of the Motion has been provided in accordance with the Bankruptcy Code, the Bankruptcy Rules and the Local Rules, and no other or further notice of the Motion or the entry of this Order shall be required.

11. No later than two (2) business days after the date of this Order, the Debtors shall serve a copy of the Order on the Notice Parties and shall file a certificate of service no later than 24 hours after service.

Dated:   February __, 2016
         St. Louis, Missouri

                                                       _____
                                                      UNITED STATES BANKRUPTCY JUDGE

**Order Prepared By:**
Alan W. Kornberg
Elizabeth McColm
Alexander Woolverton
Michael M. Turkel
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
1285 Avenue of the Americas
New York, New York  10019