**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | |
|---|---|
| **In re:**<br><br>**NORANDA ALUMINUM, INC.,** *et al.*,<br><br>            Debtors. | **Chapter 11**<br><br>**Case No. 16-10083-399**<br><br>**(Jointly Administered)**<br><br>**Hearing Date & Time:**<br>March 8, 2016 at 2:00 p.m.<br>(prevailing Central Time)<br><br>**Hearing Location:**<br>St. Louis Courtroom 5 North |

**NOTICE OF HEARING ON**
**APPLICATION FOR AUTHORITY TO**
**EMPLOY CARMODY MACDONALD P.C. AS**
**<u>LOCAL RESTRUCTURING COUNSEL FOR THE DEBTORS</u>**

PLEASE TAKE NOTICE that this application is scheduled for hearing on March 8, 2016 at 2:00 p.m. (prevailing Central Time), before the Honorable Barry S. Schermer in Bankruptcy Courtroom 5 North, in the Thomas F. Eagleton U.S. Courthouse, 111 South Tenth Street, St. Louis, Missouri 63102.

**WARNING**: **Any response or objection to this application must be filed with this court by March 1, 2016. A copy shall be promptly served upon the undersigned. Failure to file a timely response may result in the Court granting the relief requested prior to the hearing date.**

*[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]*

Dated: February 17, 2016
      St. Louis, Missouri

Respectfully submitted,

CARMODY MACDONALD P.C.

/s/ Christopher J. Lawhorn
Christopher J. Lawhorn, #45713MO
Angela L. Drumm, #57678MO
Colin M. Luoma, #65000MO
120 S. Central Avenue, Suite 1800
St. Louis, Missouri  63105
Telephone:  (314) 854-8600
Facsimile: (314) 854-8660
cjl@carmodymacdonald.com
ald@carmodymacdonald.com
cml@carmodymacdonald.com

*Proposed Local Counsel to the Debtors and
Debtors in Possession*

-and-

PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
Alan W. Kornberg
Elizabeth McColm
Alexander Woolverton
Michael M. Turkel
1285 Avenue of the Americas
New York, New York  10019
Telephone:  (212) 373-3000
Facsimile:  (212) 757-3990
akornberg@paulweiss.com
emccolm@paulweiss.com
awoolverton@paulweiss.com

*Proposed Counsel to the Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | |
|---|---|
| In re:<br><br>**NORANDA ALUMINUM, INC.,** *et al.*,<br><br>Debtors. | **Chapter 11**<br><br>**Case No. 16-10083-399**<br><br>**(Jointly Administered)**<br><br>**Hearing Date & Time:**<br>March 8, 2016 at 2:00 p.m.<br>(prevailing Central Time)<br><br>**Hearing Location:**<br>St. Louis Courtroom 5 North |

**DEBTORS' APPLICATION FOR AUTHORITY**
**TO EMPLOY CARMODY MACDONALD P.C. AS**
**LOCAL RESTRUCTURING COUNSEL FOR THE DEBTORS**

NOW COME Noranda Aluminum, Inc. and its affiliates that are debtors and debtors in possession in these jointly-administered cases (collectively, the "**Debtors**") and apply to this Court for authority to employ the firm of Carmody MacDonald P.C. ("**Carmody MacDonald**") as their local restructuring counsel. In support of this application (the "**Application**"), the Debtors show the Court as follows:

**Relief Requested**

1.      By this Application, the Debtors respectfully request the entry of an order,[1] pursuant to Section 327(a) of the Bankruptcy Code, authorizing the Debtors to retain Carmody MacDonald as their local restructuring counsel in these Chapter 11 cases, effective as of February 8, 2016 (the "**Petition Date**"), as well as to provide advice and counsel regarding such other

---

[1] A copy of the proposed order will be made available on the Debtors' case information website at *https://cases.primeclerk.com/noranda/*.

matters as may be appropriate.

## Jurisdiction

2.      This Court has jurisdiction over this Motion under 28 U.S.C. § 1334. Venue of this proceeding is proper pursuant to 28 U.S.C. § 1409. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

## Background

3.      The Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code on the Petition Date.  The Debtors are listed on Schedule 1 attached hereto. The employer tax identification numbers and addresses for each of the Debtors are set forth in each such Debtors' chapter 11 petitions.

4.      The Debtors have continued in possession of their property and have continued to operate and manage their businesses as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request has been made for the appointment of a trustee or examiner, and no official committee has been appointed in these cases.

5.      Additional information about the Debtors' businesses and the events leading up to the Petition Date can be found in the *Declaration of Dale W. Boyles in Support of Chapter 11 Petitions and First Day Motions*, filed on the Petition Date (Docket No. 5), which is incorporated herein by reference.

## Basis for Relief

6.      The Debtors have selected Carmody MacDonald as their local restructuring counsel because the firm is qualified to provide the services necessary to prosecute these Chapter 11 cases, as well as to advise the Debtors in such other matters as may be appropriate. Carmody

2

MacDonald has experience and knowledge in Chapter 11 restructurings, as well as bankruptcy litigation, corporate governance, financing transactions, and other complementary areas of law.

7.      The Debtors believe that the employment of Carmody MacDonald is necessary and in the best interests of the Debtors' estates. The Debtors must be represented in this case by Missouri counsel who have not only restructuring experience, but also expertise in various other specialties.  The legal services to be provided by Carmody MacDonald include the following:

(a)      advising the Debtors with respect to their rights and obligations as debtors-in-possession and regarding other matters of bankruptcy law;

(b)      assisting in the preparation and filing of any petitions, motions, applications, schedules, statements of financial affairs, plans of reorganization, disclosure statements, and other pleadings and documents that may be required in this case;

(c)      representing the Debtors at hearings, including with respect to plans of reorganization, disclosure statements, confirmation and related hearings, and any adjourned hearings thereof;

(d)      representing the Debtors in adversary proceedings and other contested matters;

(e)      representing the Debtors in connection with debtor-in-possession financing arrangements; and

(f)      counseling the Debtors on other matters that may arise in connection with the Debtors' reorganization proceedings and their business operations.

8.      The Debtors have retained Paul, Weiss, Rifkind, Wharton & Garrison LLP ("**Paul Weiss**") as their lead restructuring counsel. Carmody MacDonald will work closely with the Debtors, Paul Weiss, and the Debtors' other retained professionals to clearly delineate each

professional's respective duties and to prevent unnecessary duplication of services whenever possible. Either Paul Weiss or another firm will represent the Debtors in connection with any matter in which Carmody MacDonald cannot represent the Debtors because of an actual or potential conflict of interest.

9.      To the best of the Debtors' knowledge, based on the accompanying Declaration of Christopher J. Lawhorn In Support of the Debtors' Application for Authority to Employ Carmody MacDonald P.C. as a Local Counsel Restructuring Counsel for the Debtors Nunc Pro Tunc to the Petition Date (the "**Lawhorn Declaration**"), which is attached hereto as Exhibit A, Carmody MacDonald does not hold or represent any interest adverse to the Debtors' estates; Carmody MacDonald is a "disinterested person" as that phrase is defined in Section 101(14) of the Bankruptcy Code, as modified by Section 1107(b) of the Bankruptcy Code; and Carmody MacDonald's employment is necessary and in the best interests of the Debtors' estates.

10.      To the best of the Debtors' knowledge, Carmody MacDonald does not have any connection with the Debtors, their creditors, other parties in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee, other than as set forth in the Lawhorn Declaration. As disclosed in the Lawhorn Declaration, Carmody MacDonald represents or has represented certain of the Debtors' administrative agents, lenders, banks, customers, and other parties in interest in matters unrelated to these Chapter 11 cases. Carmody MacDonald has informed the Debtors of its ongoing representation of these entities, and the Debtors have consented to Carmody MacDonald's continued representation of these entities in matters unrelated to this case. The Debtors submit that the information disclosed in the Lawhorn Declaration does not preclude Carmody MacDonald from representing the Debtors under applicable law and ethics rules.

11.     Carmody MacDonald does not and will not represent in this case any other entity that has an interest adverse to the Debtors' estates.

12.     Carmody MacDonald has indicated its willingness to serve as local restructuring counsel to the Debtors and to receive compensation and reimbursement in accordance with its billing procedures for services rendered and expenses incurred on behalf of the Debtors, in accordance with the provisions of sections 327, 330, and 331 of the Bankruptcy Code, or as otherwise ordered by the Court.

13.     Carmody MacDonald's requested compensation for professional services rendered to the Debtors will be based on the hours actually expended by each assigned professional at that professional's hourly billing rate for this matter, as well as reimbursement for reasonable and necessary expenses that Carmody MacDonald customarily bills to its clients.

14.     The range of hourly billing rates of Carmody MacDonald partners for this matter will be $295 to $385 per hour, associates $240 to $265 per hour, and paralegals/law clerks $145 to $195 per hour. Carmody MacDonald's hourly billing rates are subject to periodic adjustments to reflect annual increases and economic and other conditions.  Prior to any increases in the rates set forth herein, Carmody MacDonald will give ten business days' notice to the Debtors, the U.S. Trustee, any committee appointed in these Chapter 11 cases, and as otherwise ordered by the Court, which adjustments will be filed with the Court.

15.     Carmody MacDonald's hourly fees are comparable to, or less than, those charged by attorneys of similar experience and expertise for engagements of similar scope and complexity to these Chapter 11 cases.  The Debtors have agreed to compensate Carmody MacDonald for professional services at its normal and customary hourly rates for bankruptcy matters.

16.     Further details regarding professional fees and expenses are set forth in the

5

Lawhorn Declaration.

17.     This Application is further supported by the Declaration of Gail E. Lehman attached hereto as Exhibit B.

18.     Included in this filing is Carmody MacDonald's Disclosure of Compensation of Attorneys for the Debtors pursuant to section 329(a) of Title 11 of the United States Code, Rule 2016(b) of the Federal Rules of Bankruptcy Procedure, and Rules 1002(C)(10) and 2016-1(A) of the Local Rules of Bankruptcy Procedure of the United States Bankruptcy Court for the Eastern District of Missouri.

**Notice**

19.     Notice of this Application will be provided in accordance with the Court's Case Management Order entered on February 12, 2016 [Dkt. 123].  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

WHEREFORE, the Debtors respectfully request that this Court:

(a)     enter an order authorizing the Debtors to employ Carmody MacDonald as their attorneys for the purposes described above, effective as of the Petition Date; and

(b)     grant the Debtors such other and further relief as is just and proper.


Dated:  February 17, 2016
         St. Louis, Missouri

Respectfully submitted,

Noranda Aluminum, Inc.

/s/ Dale W. Boyles
Dale W. Boyles
Chief Financial Officer,
Noranda Aluminum, Inc.

## <u>CERTIFICATE OF SERVICE</u>

Consistent with the Case Management Order, the Debtors will serve notice of this Motion on all of the Interested Parties as well as all parties who have requested notice. All parties who have requested electronic notice of filings in these cases though the Court's ECF system will automatically receive notice of this Motion through the ECF system. All other parties will be served this Motion via electronic mail or First Class U.S. Mail. A copy of this Motion and order approving it will also be made available on the Debtors' Case Information Website (located at *https://cases.primeclerk.com/noranda*).

<u>/s/ Christopher J. Lawhorn</u>

## <u>Schedule 1</u>

List of Debtors

<u>Debtors</u>

1. Noranda Aluminum, Inc.

2. Noranda Aluminum Holding Corporation

3. Noranda Aluminum Acquisition Corporation

4. Noranda Intermediate Holding Corporation

5. Gramercy Alumina Holdings Inc.

6. Gramercy Alumina Holdings II, Inc.

7. Norandal USA, Inc.

8. Noranda Alumina LLC

9. NHB Capital, LLC

10. Noranda Bauxite Holdings Ltd.

11. Noranda Bauxite Ltd.

## **Exhibit A**

Declaration of Christopher J. Lawhorn

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

|  |  |
|---|---|
| In re: | Chapter 11 |
| **NORANDA ALUMINUM, INC.,** *et al.*, | Case No. 16-10083-399 |
| Debtors. | **(Jointly Administered)** |

**DECLARATION OF CHRISTOPHER J. LAWHORN**
**IN SUPPORT OF THE DEBTORS' APPLICATION FOR AUTHORITY**
**TO EMPLOY CARMODY MACDONALD P.C. AS LOCAL RESTRUCTURING**
**COUNSEL FOR THE DEBTORS NUNC PRO TUNC TO THE PETITION DATE**

I, Christopher J. Lawhorn, hereby state and declare as follows:

1.      I am an attorney at law admitted to practice law in the State of Missouri and am a partner of the law firm of Carmody MacDonald P.C. ("**Carmody MacDonald**"), which is located at 120 S. Central Ave., Suite 1800, St. Louis, Missouri 63105. I am familiar with the matters set forth herein and make this Declaration pursuant to Section 329(a) of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 2014(a) and 2016(b) in support of the Application for Authority to Carmody MacDonald P.C. as Local Restructuring Counsel for the Debtors (the "**Application**").

2.      Carmody MacDonald was engaged by Noranda Aluminum, Inc. and its affiliates that are debtors in these cases (the "**Debtors**") as their local restructuring counsel on or about January 20, 2016. In that capacity, Carmody MacDonald has advised the Debtors regarding their restructuring and has assisted the Debtors in their preparations for the commencement of these Chapter 11 cases.

3.      A true and correct copy of Carmody MacDonald's engagement letter with the

Debtors is attached hereto as **<u>Attachment 1</u>**.  To the extent the Application or the engagement letter is inconsistent with the terms of an Order of this Court that may be entered approving the Application, the terms of such Order shall govern. Notwithstanding the provisions of the engagement letter relating to the termination of the Debtors' engagement of Carmody MacDonald, I understand and acknowledge that leave of this Court is required before Carmody MacDonald may withdraw as counsel to the Debtors.

4.      The Debtors have agreed to engage Carmody MacDonald under a general retainer arrangement.

5.      Hourly rates for Carmody MacDonald's partners for this matter will be $295 to $385 per hour, associates $240 to $265 per hour, and legal assistants/law clerks $145 to $195 per hour. In setting its rates for a given matter, Carmody MacDonald considers the complexity, size, and demands of the matter. The discussions of Carmody MacDonald's rates and billing practices set forth herein are based on rates charged by Carmody MacDonald in bankruptcy and non-bankruptcy matters of similar complexity, size or demand. Carmody MacDonald's hourly fees for bankruptcy matters such as these are comparable to, or less than, those charged by attorneys of similar experience and expertise for engagements of similar scope and complexity of these Chapter 11 cases.

6.      Carmody MacDonald's hourly billing rates are subject to periodic adjustments to reflect annual increases and economic and other conditions.  Prior to any increases in the rates set forth herein, Carmody MacDonald will give ten business days' notice to the Debtors, the U.S. Trustee, any committee appointed in these Chapter 11 cases, and as otherwise ordered by the Court, which adjustments will be filed with the Court.

7.      Carmody MacDonald's hourly billing rates for professionals are not intended to

cover out-of-pocket expenses and certain elements of overhead that are typically billed separately. Accordingly, Carmody MacDonald regularly charges for expenses and disbursements incurred in direct connection with clients' cases, including telecommunications, certain postage and packaged delivery charges, court fees, transcript costs, travel expenses, computer-aided research, and other third party disbursements. Carmody MacDonald expects to charge for these expenses in a manner and at rates consistent with charges made generally to other clients or as allowed by this Court.

8.      The law firm of Paul, Weiss, Rifkind, Wharton & Garrison LLP ("**Paul Weiss**") is serving as lead counsel for the Debtors in these Chapter 11 cases. Carmody MacDonald, as local counsel for the Debtors, will work closely with Paul Weiss to ensure that there is no unnecessary duplication of services performed for or charged to the estates.

9.      Carmody MacDonald received $100,000 in retainer payments from the Debtors prior to the commencement of these Chapter 11 cases on February 8, 2016 (the "**Petition Date**"), as follows: $50,000 on or about January 26, 2016; and $50,000 on or about February 3, 2016 (collectively, the "**Retainer**"). Any attorneys' fees and expenses incurred after receipt of the executed engagement letter but prior to receipt of the Retainer were waived by Carmody MacDonald in connection with its retention as local restructuring counsel. All fees and expenses for which Carmody MacDonald has been paid were incurred after receipt of the Retainer. After receipt of the Retainer but prior to the Petition Date, Carmody MacDonald applied the Retainer against invoices for attorneys' fees and expenses incurred for services rendered or to be rendered in contemplation of or in connection with these Chapter 11 cases. Carmody MacDonald will hold the remaining balance of the Retainer, i.e., $8,894.00, as security for the fees and expenses that may be awarded to it in these Chapter 11 cases.

10.     As of the Petition Date, Carmody MacDonald was not owed any amount by the Debtors for attorneys' fees and expenses. Accordingly, Carmody MacDonald is not a creditor of the Debtors.

11.     In support of the Application, I disclose the following:

(a)     Unless otherwise stated, this Declaration is based upon facts of which I have personal knowledge.

(b)     The facts stated in this Declaration as to the relationship between Carmody MacDonald lawyers and the Debtors, the Debtors' creditors, other parties in interest to these Chapter 11 cases, the United States Trustee, and persons employed by the Office of the United States Trustee are stated to the best of my knowledge, information, and belief and are based on the results of the searches and inquiries described in the following paragraphs.

(c)     In preparing this Declaration, I have (i) caused to be conducted a search of Carmody MacDonald's conflict-check system ("**Conflict Database**") in respect of all of the names listed on **Attachment 2** (the "**Conflict Checklist**"), which were provided to me; and (ii) caused to be disseminated a written request for information to all of the attorneys of Carmody MacDonald regarding connections to the Debtors and the names listed on the Conflict Checklist ("**Potential Parties-In-Interest**").

12.     Carmody MacDonald's Conflict Database is comprised of records regularly maintained in the ordinary course of business of the firm.  It is the regular practice of the firm to make and maintain these records. It reflects entries that are noted in the system at the time the information becomes known by persons whose regular duties include recording and maintaining this information. I regularly use and rely upon the information contained in the system in the

performance of my duties with the law firm and in my practice of law.

13.     Matches between the Conflict Database and the list of Potential Parties-In-Interest were identified ("**Conflicts Report**").  Individuals or entities that were adverse to Carmody MacDonald's clients were deleted.  The remaining connections with regard to which Carmody MacDonald had represented the client were compiled and provided to me for purposes of this Declaration.

14.     In addition, a general inquiry to all Carmody MacDonald attorneys was sent by electronic mail to determine if any attorney was aware of any representation or client relationship that would present a conflict of interest with respect to Carmody MacDonald's representation of the Debtors in these Chapter 11 cases.

15.     Based on the Conflicts Report, it appears that Carmody MacDonald (i) does not hold or represent an interest adverse to and has no connection with the Debtors, their creditors, or any Potential Parties-In-Interest in connection with the scope of Carmody MacDonald's retention in these Chapter 11 cases, and (ii) is a "disinterested person" within the meaning of Section 101(14) of the Bankruptcy Code. In addition, the descriptions of the relationships between the Potential Parties-In-Interest and the Debtors contained herein are based on the descriptions contained in the Conflict Checklist.

16.     The Conflicts Report, searches and request for information described above revealed the following connections:

(a)     Bank of America, N.A. and Bank of America (collectively, "**Bank of America**") are, respectively, identified on the Conflict Checklist. Carmody MacDonald currently represents or has represented Bank of America and/or certain of its affiliates in connection with certain banking, finance, trust, and litigation matters that are unrelated to

the Debtors and these Chapter 11 cases.  Additionally, a Carmody MacDonald attorney, Leo MacDonald Sr., serves as a co-trustee with Bank of America and/or certain of its affiliates in connection with numerous trusts held with Bank of America and/or certain of its affiliates, all of which are unrelated to the Debtors and these Chapter 11 cases.

(b)      Citibank and Citibank, N.A. (collectively, "**Citibank**") are identified on the Conflicts Checklist.  Carmody MacDonald has previously represented a different client who was a co-defendant of Citibank in a certain litigation matter that is unrelated to the Debtors and these Chapter 11 cases.

(c)      Wells Fargo is identified on the Conflicts Checklist.  Carmody MacDonald has represented and may represent in the future Wells Fargo and/or certain of its affiliates in connection with certain banking and finance matters that are unrelated to the Debtors and these Chapter 11 cases.

(d)      JP Morgan, J.P. Morgan Investment Management, Inc., and J.P. Morgan Chase (collectively, "**JP Morgan**"), are, respectively, identified on the Conflicts Checklist.  Carmody MacDonald has previously represented JP Morgan and currently represents certain of its affiliates in connection with certain estate, banking, finance, and commercial real estate matters that are unrelated to the Debtors and these Chapter 11 cases.

(e)      Fifth Third Bank is identified on the Conflicts Checklist.  Carmody MacDonald currently represents or has represented Fifth Third Bank and/or certain of its affiliates in connection with certain banking, finance and litigation matters that are unrelated to the Debtors and these Chapter 11 cases.

(f)      James Hardie Building Products is identified on the Conflicts Checklist.

Carmody MacDonald has previously represented James Hardie Building Products in connection with certain litigation matters that are unrelated to the Debtors and these Chapter 11 cases.

(g)     3M Company and 3M (collectively, "**3M Company**") are identified on the Conflicts Checklist.  Carmody MacDonald currently represents or has represented a different client who was an allied party to 3M Company in connection with certain litigation matters that are unrelated to the Debtors and these Chapter 11 cases.

(h)     Hussmann is identified on the Conflicts Checklist.  One or more employees of Carmody MacDonald has personal and/or business connections with Brian J. Hostetler of Hussmann Corporation, which such personal and/or business connections are unrelated to the Debtors and these Chapter 11 cases. Mr. Hostetler and Hussman Corporation are not current or former clients of Carmody MacDonald.

(i)     Johnson Controls is identified on the Conflicts Checklist.  Carmody MacDonald previously served as local counsel for Johnson Controls in connection with a litigation matter that is unrelated to the Debtors and these Chapter 11 cases.

(j)     Gail E. Lehman, Stephen Robuck, Mike Fox, Todd D. Barrett and Pansy Johnson are identified on the Conflicts Checklist. Carmody MacDonald currently represents or has represented individuals with the last name "Lehman," "Robuck," "Fox," "Barrett," and "Johnson" on various matters that are unrelated to the Debtors and these Chapter 11 cases and does not believe these persons to be, or be related to, the Gail E. Lehman, Stephen Robuck, Mike Fox, Todd D. Barrett and Pansy Johnson that are identified on the Conflicts Checklist.

(k)     Liberty Mutual Fire Insurance Co. and Liberty Surplus Insurance Corp.

(collectively, "**Liberty**") are identified on the Conflicts Checklist. Carmody MacDonald currently represents or has represented one or more entities whose names contain the word "Liberty" on various matters that are unrelated to the Debtors and these Chapter 11 cases and does not believe these entities to be the Liberty listed on the Conflicts Checklist.

(l)        Zurich is identified on the Conflicts Checklist.  Carmody MacDonald has previously represented Zurich North American in a litigation matter that is unrelated to the Debtors and these Chapter 11 cases.

(m)        General Electric Company is identified on the Conflicts Checklist. Carmody MacDonald currently represents or has represented General Electric Company and/or certain of its affiliates in connection with certain litigation matters that are unrelated to the Debtors and these Chapter 11 cases.

(n)        Georgia-Pacific, LLC is identified on the Conflicts Checklist.  Carmody MacDonald has previously represented Georgia-Pacific, LLC and/or certain of its affiliates in connection with certain litigation matters that are unrelated to the Debtors and these Chapter 11 cases.

(o)        ACE American Insurance Company is identified on the Conflicts Checklist. Carmody MacDonald currently represents ACE American Insurance Company and/or certain of its affiliates in connection with a different bankruptcy case unrelated to the Debtors and these Chapter 11 cases.

(p)        Osburn, Hine, Yates & Murphy, LLC is identified on the Conflicts Checklist. Carmody MacDonald currently represents or has represented one or more individuals with the last name "Osburn" on various matters that are unrelated to the

Debtors and these Chapter 11 cases and does not believe these persons to be the related to the named attorney of Osburn, Hine, Yates & Murphy, LLC that is identified on the Conflicts Checklist.

(q)     Wolters Kluwer Financial Services is identified on the Conflicts Checklist. Carmody MacDonald currently represents or has represented a different client who is an allied party to Wolters Kluwer Financial Services in connection with certain litigation matters that are unrelated to the Debtors and these Chapter 11 cases.

(r)     Ziegler is identified on the Conflict Checklist. Carmody MacDonald may currently represent or has represented Ziegler Company, Inc. in certain litigation matters that are unrelated to the Debtors and these Chapter 11 cases.

(s)     AT&T is identified on the Conflicts Checklist. Carmody MacDonald currently represents or has represented a different client who is an allied party to AT&T in connection with certain litigation matters that are unrelated to the Debtors and these Chapter 11 cases.

(t)     Bryan Cave LLP is identified on the Conflicts Checklist.  Several attorneys associated with Carmody MacDonald, including myself, formerly practiced with Bryan Cave LLP.  Additionally, Carmody MacDonald and Bryan Cave LLP have acted as co-counsel on certain litigation matters that are unrelated to the Debtors and these Chapter 11 cases.

(u)     Metal Exchange Corporation is identified on the Conflicts Checklist. Carmody MacDonald currently represents or has represented a different client who is an allied party to Metal Exchange Corporation in connection with certain litigation matters that are unrelated to the Debtors and these Chapter 11 cases.

(v)     Whelan Security Co. is identified on the Conflicts Checklist.  Carmody MacDonald has previously represented Whelan Security Co. in connection with certain litigation matters that are unrelated to the Debtors and these Chapter 11 cases.

(w)     Amerenue ("**Ameren**") is identified on the Conflicts Checklist.  Carmody MacDonald submitted a *Response to Legal Services Statement of Need for [Project]* to Ameren and/or its affiliates in 2015.  Carmody MacDonald has not currently been selected to represent Ameren and/or its affiliates on such project.

(x)     One or more of Carmody MacDonald's attorneys were or may have been previously employed by certain law firms and accounting firms listed on the Conflicts Checklist and, during such employment, represented one or more Potential Parties-in-Interest in matters that are unrelated to the Debtors or these Chapter 11 cases.

(y)     One or more of the Potential Parties-In-Interest may be suppliers and vendors to Carmody MacDonald, and Carmody MacDonald believes that any such relationship is unrelated to these Chapter 11 cases and will have no effect on its representation of the Debtors in these Chapter 11 cases.

(z)     Carmody MacDonald was retained as local counsel to the Official Committee of Unsecured Creditors of Patriot Coal Corporation, et al., in connection with Patriot Coal Corporation's Chapter 11 bankruptcy in this District (the "**Patriot Bankruptcy**"); and, accordingly, in the Patriot Bankruptcy, Carmody MacDonald indirectly represented various lenders, bondholders, customers, key vendors and other Potential Parties-In-Interest.  The Patriot Bankruptcy is unrelated to these Chapter 11 cases, and Carmody MacDonald believes that its indirect representation of such lenders, bondholders, customers and other Potential Parties-In-Interest in the Patriot Bankruptcy

has not affected and will not affect its representation of the Debtors in these Chapter 11 cases.

(aa)    One or more clients of Carmody MacDonald may now own or later purchase secured or unsecured claims against the Debtors. Carmody MacDonald believes that its representation of such parties in matters that are unrelated to these Chapter 11 cases will have no effect on its representation of the Debtors in these Chapter 11 cases.

(bb)    Attorneys associated with Carmody MacDonald or their family members (i) may have mortgages, consumer loans, or other banking relationships with the Debtors' lenders and banks; and (ii) may own debt or equity securities issued by Potential Parties-In-Interest in amounts that are not material from the issuer's perspective.

(cc)    Carmody MacDonald is a full service law firm with active real estate, corporate and litigation practices. As part of its practice, Carmody MacDonald appears in cases, proceedings, and transactions involving many different attorneys, accountants, financial consultants, and investment bankers, some of which now or may in the future represent Potential Parties-In-Interest.

(dd)    Because of the size of this case and the possibility of trading in claims and equity interests, Carmody MacDonald may represent other entities that have a connection with the Debtors but were not disclosed to Carmody MacDonald or uncovered in my investigation. However, my review indicates that Carmody MacDonald does not represent any such entity in connection with these Chapter 11 cases.

(ee)    Based upon an email inquiry made of all Carmody MacDonald attorneys and staff, and the lack of any affirmative replies to such inquiry, it is my understanding that no Carmody MacDonald attorney or their respective immediate family members own

Noranda Aluminum Holding Corporation's stock (Ticker Symbol "NORN") or are creditors of the Debtors. Carmody MacDonald attorneys and staff invest in a broad array of mutual funds and ETFs, some number of which either currently or may in the future own securities of Noranda Aluminum Holding Corporation or some of its creditors.

17.    If Carmody MacDonald is unable to represent the Debtors in an adversary proceeding or contested matter adverse to the interests of another client of the firm, Carmody MacDonald will so advise the Debtors, and that proceeding, or the relevant portion thereof, will be handled by other counsel for the Debtors whose retention has been approved by the Court.

18.    Carmody MacDonald submits that none of the foregoing representations or connections constitutes Carmody MacDonald's holding or representing an interest adverse to the Debtors or their estates.

19.    Except for the Debtors, neither I nor Carmody MacDonald will represent any entity in connection with this case, unless otherwise authorized by the Court.

20.    To the best of my knowledge, information, and belief, neither Carmody MacDonald nor any attorney associated with Carmody MacDonald:

(a)    is a creditor, an equity security holder, or an insider of the Debtors;

(b)    is or has been, within two years before the filing of these cases, a director, officer, or employee of the Debtors; or

(c)    has an interest materially adverse to the interests of the Debtors' estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in the Debtors, or for any other reason.

21.    The professional fees and costs incurred by Carmody MacDonald in the course of its representation of the Debtors in these cases will be subject in all respects to the application

and notice requirements of Sections 327, 330, and 331 of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 2014 and 2016.

22.     There is no agreement of any nature as to the sharing of any compensation to be paid to Carmody MacDonald, other than sharing among the shareholders, partners and associates of Carmody MacDonald. No promises have been received by Carmody MacDonald nor any shareholder, partner or associate thereof as to compensation in connection with these cases, other than in accordance with the provisions of the Bankruptcy Code.

23.     I am not related to, and to the best of my knowledge no other attorney associated with Carmody MacDonald is a relative of, any Bankruptcy Judge in this District, the United States Trustee, or any person employed by the Office of the United States Trustee.

24.     Except as disclosed above, I do not believe that there is any other connection (as such term is used in Federal Rule of Bankruptcy Procedure 2014(a)) between Carmody MacDonald and the Debtors, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed by the Office of the United States Trustee.

25.     Pursuant to Part D-1 of the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under United States Code by Attorneys in Larger Chapter 11 Cases, 78 Fed. Reg. 36248 (June 17, 2013) (the "**2013 Guidelines**"), I make the following disclosures:

(a)     Carmody MacDonald did not agree to any variations from, or alternatives to, its standard or customary billing arrangements for this engagement for similar matters.

(b)     None of the professionals included in this engagement vary their rates based on the geographic location of the bankruptcy case.

(c)     The billing rates and material financial terms of Carmody MacDonald's pre-petition engagement by the Debtors have not changed post-petition. There were no material adjustments to the engagement during the 12 months pre-petition, except for the retainer payment described above.

26.     Pursuant to Part F of the 2013 Guidelines, I disclose that Paul Weiss is acting as lead counsel in the restructuring aspects of this engagement. Carmody MacDonald will report to the Debtors' management and will work closely with the Debtors and Paul Weiss to determine which restructuring or other issues may be more efficiently handled by Carmody MacDonald. Such issues will include addressing matters of local practice and customs in this Court and questions arising under the law of Missouri and other states in which Paul Weiss does not practice. Although no definitive division of responsibility has yet been made with respect to matters that may arise in later stages of these cases, I understand that it is likely that Carmody MacDonald will have responsibility for appropriate matters to assist on various matters as determined by the Debtors and Paul Weiss. Although Carmody MacDonald is primarily being employed as "local counsel," the Debtors may assign responsibility to Carmody MacDonald for particular matters that Paul Weiss would normally handle. Carmody MacDonald's rates are reasonable for a matter such as this, and Carmody MacDonald does not expect to incur material travel expenses in connection with the restructuring aspects of this engagement.

27.     In connection with ongoing communications with the United States Trustee for these cases Carmody MacDonald will supply information where available, as requested, including Carmody MacDonald's approved budgetary and staffing plans for these cases, as approved by the Debtors, that will be filed with the Court and otherwise supplied to the United States Trustee.

I declare under penalty of perjury that the foregoing is true and correct. Executed on February 17, 2016.

/s/ Christopher J. Lawhorn
Christopher J. Lawhorn

## **Attachment 1**

Engagement Letter

# Carmody MacDonald

Carmody MacDonald P.C.
120 S. Central Avenue, Suite 1800
St. Louis, Missouri 63105-1705
314-854-8600   Fax 314-854-8660
www.carmodymacdonald.com

Christopher J. Lawhorn
cjl@carmodymacdonald.com
Direct Dial: (314) 854-8621

January 21, 2016

Gail E. Lehman, Esq.
General Counsel
Noranda Aluminum Holding Corp.
801 Crescent Centre Drive, Suite 600
Franklin, Tennessee 37067

Engagement as Counsel

Dear Gail:

We are pleased and grateful that Noranda Aluminum Holding Corp. and its affiliates listed on Schedule A desire to retain this firm as its local counsel in connection with potential restructuring matters. We understand that the law firm of Paul, Weiss, Rifkind, Wharton & Garrison LLP shall serve as lead counsel on these matters, and that we shall take our directions either from you or lead counsel. Further, we understand and agree that lead counsel shall be primarily responsible for these matters and that we will assist, when requested, on local matters and as otherwise requested and agreed to by the Firm. We are very excited at the opportunity to work with you and your colleagues and hope that this marks the beginning of a long and mutually satisfying relationship.

I write to confirm our acceptance of your engagement of us as local counsel and to provide you with certain information concerning our practices and policies on fees, billing, collection, conflicts, and other material terms of our engagement. The rules governing our professional obligations require that we establish at the outset a common understanding about the terms and conditions of the engagement. We began work on the matter, and the engagement is effective, as of January 20, 2016. The retainer for this engagement is $50,000, which shall be used a prepayment for our services. Noranda agrees to pay our bills for fees and expenses promptly, but in no event more than thirty (30) days after receipt.

## TERMS OF ENGAGEMENT

The following terms and conditions apply to our engagement as your counsel:

1. **Scope of Representation and Client Relationship** – We agree to provide you with legal services, as requested by you from time to time, which in our professional judgment are

# Carmody MacDonald

reasonably necessary and appropriate in connection with the matter described above. At this time, our engagement is limited to the matter described above, though we would be pleased to consider representing you in such other matters as you may request. The terms and conditions of our engagement in any such other matter will be those set forth in this letter unless we otherwise mutually agree in writing. In all matters in which we represent you, we will provide services of a strictly legal nature, and you will not be relying on us for business, investment, or accounting advice, nor to assess or vouch for the character or creditworthiness of any third person.

Unless we otherwise agree or our representation of you otherwise requires, our engagement is solely with the individuals or entities specifically identified on Schedule A. We are not representing any other individuals or entities not named as clients in Schedule A, including your parent, subsidiary or affiliated corporations or businesses.

The question of whether our fees are covered by some third-party agreement (including an insurance policy) is not within the scope of our representation, unless you specifically request us to consider that question.

2. **Retainer** – It is our policy to obtain a retainer at the outset of each new representation in an amount appropriate to the size and scope of the matter. On occasion, we will also require an increase in a prior retainer owing to unforeseen circumstances, or an advance on substantial expenses we must incur on your behalf. Your payment of the retainer is a prepayment subject to refund, which means that the retainer is the property of this firm upon receipt. Unless we otherwise agree, the retainer will be applied to our final statement rendered to you on the matter. If the amount of the retainer exceeds the sum due and owing in our final statement, we will return the balance to you.

3. **Fees for Legal Services** – Our fees for legal services are based on our assessment of the reasonable value of our services. To assist us in determining that value, we assign hourly rates to each of our lawyers and legal assistants, and require each to maintain a record of the time spent and the services rendered on a particular matter. Time is recorded in tenths of an hour, which is the minimum we charge for any service. Our hourly rates, which are based on seniority, currently range from $495 to $270 per hour for partners, $265 to $190 per hour for staff attorneys and associates; and $185 to $135 per hour for legal assistants. From time to time, we reassess these rates to account for increases in our costs, augmentation of the experience and ability of our legal personnel and other factors, and thus our current rates may change (and be thereafter applied to all unbilled time) during our representation of you. In addition to hourly rates, we may also take account of the types of services involved; the size, scope, complexity, and time limitations of the matter; the results obtained; and other relevant circumstances, including any factors that

2

# Carmody MacDonald

you may wish to call to our attention. We are prepared, consistent with these principles, to adapt our valuation of services in advance of undertaking the representation to address any special needs you may raise with us.

4. **Disbursements & Other Charges** – We obtain other services (or incur other costs) from outside vendors or suppliers for which we charge only the amount billed to us by the vendor or supplier. We may forward the invoices from these outside sources directly to you, in which event you will be responsible to pay the invoices in accordance with their terms. Otherwise, our statements will separately bill you for these disbursements and other charges.

In the event we are required to respond to a subpoena to other formal request from a third party relating to services we have performed for you, you agree to reimburse us for our time and expense incurred in responding to such request.

5. **Billing** – We want our clients to be satisfied with both the quality of our services and the reasonableness of our bills, and we earnestly invite you to discuss with us any questions or comments you may have about any of our fees and charges or the format of our bills. Our practice is to bill on a monthly basis for the fees, disbursements, and related charges incurred in the preceding month, except that, in certain transactions, we may mutually agree that some or all of the billing will be done on some other basis. While we make every effort to include all disbursements in the statements for the period in which they were incurred, some costs (especially telephone or outside vendor expenses) are not available at the time of billing and must therefore be included in a later statement. Our statements are due and owing upon receipt. In the event that some or all of our fees might be subject to payment by some third party (e.g., an insurance company), we regard our client as responsible for the payment of our fees and, absent a specific agreement to the contrary, we will not look to the third party for payment. We first apply all payments we receive from you to our oldest outstanding statement.

6. **Managing Costs** – We are sensitive to the need to manage and, when possible, to predict legal costs. We are happy to work with you to estimate our likely fees and expenses in connection with our services. You understand, however, that any estimate of projected fees is necessarily only an inexact approximation based on assumptions that may prove unfounded in the unique circumstances of each matter, and that such estimates are not intended as either a maximum or a minimum fee for our legal services.

7. **Outside Experts** – In the course of our representation it may be appropriate, with your advance approval, to retain persons of special training or expertise to assist in the rendition of legal services (e.g., accountants, economists, investigators). Owing to privileges that may apply to services that an attorney requests from a third party, it will

3

## Carmody MacDonald

often be advisable for this firm to assume responsibility for hiring such experts. Notwithstanding that the contractual relationship directly to pay the invoices for the fees and expenses incurred by these persons.

8. **Confidentiality** – For our relationship to succeed, it is essential for you to provide us with all factual information reasonably relevant and material to the subject matter of our representation. We regard the lawyer's duty to preserve the confidences and secrets of a client with the utmost seriousness. In instances in which we represent a corporation, partnership, or other legal entity, our attorney-client relationship is with, and this duty of confidentiality is owed only to, the entity, and not to the entity's parent or subsidiary corporations nor its shareholders, officers, directors, founders, managers, employees or partners, unless you instruct us or our representation of you requires otherwise. As a result, the confidences and secrets we obtain in the course of such representations belong to and may be waived by the organization we represent, and not by the employees, officers, or directors of the organization. Of course, in the absence of a conflict, we are free to represent these other persons, but should not be deemed to do so without our express agreement to that effect.

9. **Conflicts of Interest** – We wish to avoid any circumstance in which you would regard our representation of another client to be inconsistent with our duties to and understanding with you. Unless we have told you otherwise, we do not now represent another client in the specific matter in which you have retained us. Because we represent a large number of clients in a wide variety of legal matters, however, it is possible that we currently represent, or in the future may be asked to represent, in some other matter unrelated to the specific matter in which you have engaged us, some person or entity whose interest are actually or potentially adverse to your interests in this or other matters, including in negotiations, work-outs, bankruptcy proceedings, or litigation. We agree that we will not undertake any such representation if the subject of the other representation is related to the specific matter in which we currently represent you. If the matters are not related, however, then you hereby agree that we will be free to undertake such an unrelated adverse representation provided that (a) the unrelated representation will not implicate any confidential information we have received from you, and (b) the other client has consented to our continued representation of you. This means that this firm could represent another client against you in an unrelated matter such as a lawsuit, a transaction, or some other matter. Your agreement as set forth in this paragraph represents your acknowledgement that such adverse representations are foreseeable to you, and effects a waiver of your right, if any there be, to object to our representation in the unrelated matter of another client whose interests are adverse to yours. Further, you hereby agree that we may represent a party against whom you are adverse on matters unrelated to the specific matter in which we currently represent you. Since we understand that you are experienced in retaining counsel, we are relying upon your

4

# Carmody MacDonald

agreement to the foregoing in undertaking this representation. We urge you to ask us (or other counsel) any questions concerning this paragraph before we undertake to represent you.

Moreover, in the course of representing you, and in order fully to satisfy our professional obligations, we may from time to time need to consult with the lawyers in this firm responsible for advising the firm on ethical issues, including issues that may implicate your interests. You acknowledge and agree that, notwithstanding this potential for conflict in consideration of our professional obligations, the firm is free to consult with its own internal counsel on such matters without your consent and that such consultations are privileged and confidential.

10. **Termination** – We hope and trust that our relationship with you will be a long and fruitful one. Nevertheless, you are free to terminate our representation of you at any time unless judicial approval is required for us to withdraw, in which event we agree not to oppose such withdrawal. Subject always to any applicable rule of court, we may terminate this agreement if you deliberately disregard the terms of this agreement or if, in our professional judgment, we are unable to continue the representation consistent with our ethical obligations. Notwithstanding any such termination, you remain liable to pay all fees and charges incurred up to the date of termination. Upon completion of the matter to which this engagement letter applies or the earlier termination of the representation, our attorney-client relationship will end unless we agree to continue the representation on other matters. We shall have no continuing obligation to advise you on any matter unless we otherwise agree in writing.

11. **Legal Update, Publications and Events** – You agree that we may contact you with legal updates or other publications which we believe may be useful to you (for example, with details of relevant changes in law). In addition, you agree that we may send you invitations to events such as client seminars on various legal topics. We may contact you for these purposes by email, mail or telephone (as appropriate). If you prefer not to be contacted for these purposes, please email me.

12. **Governing Law** – Any controversy, dispute or claim of any kind between us shall be governed by and interpreted in accordance with the laws of the state of Missouri, without regard to any provisions governing conflicts of laws.

13. **Entire Agreement** – These terms set out the entire agreement between you and us concerning our provision of legal services. Any modifications of or amendments to these terms must be in writing and agreed by both parties.

14. **Records Management and Retention –** We will maintain all paper and electronic records related to our representation of you in secure facilities and on secure servers.

5

# Carmody MacDonald

Those records will include documents such as legal pleadings, transactional documents, substantive correspondence and other documents reasonably necessary to our representation of you in the matter (the "Client File"). The Client File is your property. The records may also include purely internal firm documents prepared for the purpose of facilitating performance of our legal services in the form of research memoranda, outlines, emails, handwritten notes and mark-ups of documents, as well as new matter intake forms and internal conflicts checking records. These records are our property. At the close of a specific matter, we will return to you your original documents, if any related to the matter. At your request, any remaining records in the Client File will be returned to you at your expense. You agree that we may make physical or electronic copies if we choose at our own expense. You agree and understand that any materials left with us after the engagement has terminated may be retained or destroyed at our discretion without further notice to you and in a manner which preserves the confidential and secret nature of their contents. The Firm's current policy is to retain records (other than duplicates and the like) for a period of ten years after the matter has terminated. At the expiration of the relevant retention period, the retained matter records will be destroyed. Please advise us if you have a records retention policy in place with which we will need to comply.

During the course of our representation of you, we may from time to time, when appropriate, communicate with you be e-mail. In view of this, the Missouri Bar Disciplinary Counsel requires that we advise you that: (1) e-mail communication is not a secure method of communication; (2) any e-mail that is sent to you or by you may be copied and held by various computers it passes through as it goes from us to you or vice versa; (3) persons not participating in our communication may intercept our communications by improperly accessing your computer or our computers or even another computer unconnected to either of us through which e-mail passes. Your execution of this letter below will reflect your consent to receiving communications from us via e-mail. If, at some time during our representation, you change your mind and would prefer that we not communicate with you via e-mail, please let me know immediately.

\*\*\*

Notwithstanding anything to the contrary contained in these Terms of Engagement, in the event of a bankruptcy proceeding, our engagement and terms thereof may be subject to approval of the Bankruptcy Court. Any such approval shall supersede the terms hereof in the event of any inconsistency.

6

# Carmody MacDonald

Our goal is to serve you in an effective and efficient way, and we welcome your views on how we may best do so. We encourage you to discuss with us any questions you might have concerning these matters. Please signify your acceptance of the foregoing Terms of Engagement by signing the enclosed copy of this letter and returning it to me. Please note that your instructing us or continuing to instruct us on the matter discussed above will constitute your full acceptance of the terms set out above.

Again, we are all pleased at the chance to work on this matter and look forward to a successful outcome.

Very truly yours,

CARMODY MacDONALD P.C.

Christopher J. Lawhorn

AGREED:

By:

Name:  Gail E. Lehman, Esq.

Title:  General Counsel, Noranda Aluminum Holding Corp.

7

# Carmody MacDonald

## Schedule A

Noranda Aluminum Holding Corp.
Noranda Aluminum Acquisition Corp.
NHB Capital, LLC
Noranda Intermediate Holding Corp.
Noranda Aluminum, Inc.
Norandal USA, Inc.
Gramercy Alumina Holdings Inc.
Gramercy Alumina Holdings II, Inc.
Noranda Alumina LLC
Noranda Bauxite Holdings Ltd.
Noranda Bauxite Ltd.

## **<u>Attachment 2</u>**

List of Potential Parties in Interest

## LIST OF POTENTIAL PARTIES IN INTEREST

**(A) DEBTORS, NON-DEBTOR AFFILIATES, AND SUBSIDIARIES**
NHB Capital, LLC
Noranda Bauxite Holdings Ltd.
Noranda Bauxite Ltd.
Gramercy Alumina Holdings II, Inc.
Gramercy Alumina Holdings Inc.
Noranda Alumina LLC
Noranda Aluminum Acquisition Corporation
Noranda Aluminum Holding Corporation
Noranda Aluminum, Inc.
Noranda Intermediate Holding Corporation
Norandal USA, Inc.
Noranda Jamaica Bauxite Partners
**(B) ADMINISTRATIVE AGENTS**
Bank of America, N.A.
Cortland Capital Market Services LLC
**(C) INDENTURE TRUSTEE**
U.S. Bank National Association
**(D) BANKRUPTCY JUDGES**
Chief Judge Kathy Surratt-States
Judge Barry S. Schermer
Judge Charles E Rendlen, III
**(E) BANKRUPTCY PROFESSIONALS**
Alvarez & Marsal North America, LLC
Paul, Weiss, Rifkind, Wharton & Garrison LLP
PJT Partners
Prime Clerk
**(F) LENDERS**
3i Debt Management US LLC
Aegon USA Investment Management LLC
Allianz Global Investors US LLC
Atrium XI
Bank of America
Bank of America, N.A.
Barclays
Bentham Wholesale Syndicated
BlueMountain Capital Management, LLC
Boston Management and Research
Carlson Capital LP
Carlyle Investment Management LLC
Centerbridge Group
Citibank
Citibank, N.A.
Columbia Management Investment Advisers LLC
Credit Suisse
Credit Suisse
Credit Suisse AG
Credit Suisse Alternative Capital LLC
Eaton Vance Management Inc.
Foothill Capital Corporation
Fraser Sullivan Investment Management LLC

GoldenTree Asset Management, LP
Goldman Sachs Group, Inc. (The)
Guggenheim Investment Management, LLC
Guggenheim Partners Asset Management, LLC
Guggenheim Partners Investment
Guggenheim Partners Investment Management LLC
H.I.G. Whitehorse Capital LLC
Hotchkis & Wiley Capital Management
JP Morgan
Madison Park Funding IV
Madison Park Funding VIII
Madison Park Funding XV
MJX Asset Management, LLC
Napier Park Global Capital LP
Nomura Corporate Research and Asset Management Inc.
Siemens
Silvermine Capital Management LLC
Sound Harbor Partners
Strategic Value Partners, LLC
Surela Investments Ltd. (Sherwin Alumina)
UBS
US Bank
Wells Fargo
Whitehorse Capital Partners LP
**(G) BONDHOLDERS**
Brownstone Investment Group, LLC
Concise Capital, LLC
Credit Suisse Asset Management, LLC (U.S.)
Euroclear Bank
Fidelity International Limited - FIL Investment Services (U.K.), Ltd.
Fore Research & Management, L.P.
Garland Business Corp
Hotchkis and Wiley Capital Management, LLC
J.P. Morgan Investment Management, Inc.
Morgan Stanley Wealth Management
NNIP Advisors B.V.
Nomura Corporate Research and Asset Management, Inc. (U.S.)
Stocks and Securities, Ltd.
Third Avenue Management, LLC
Tocqueville Asset Management, L.P.
UBS Securities, LLC
**(H) BANKS**
Bank of America
M & T Bank
JP Morgan Chase
Fifth Third Bank
Bank of Nova Scotia
National Commercial Bank
**(I) SIGNIFICANT CUSTOMERS**

3M Company
A. J. Oster West, Inc.
AAF-McQuay Inc.
AAON Coil Products, Inc.
ABB Inc.
AKG North American Operations
Alcoa
All Foils Inc.
AMS
ARG International AG
Ascend Custom Extrusions, LLC
Autoneum North America, Inc.
Avery Dennison Corporation
Bard Manufacturing
Berry Plastics Corp.
Bohn de Mexico, S.A. de C.V.
Brady Corporation
Brazeway Inc.
BRT Extrusions, Inc.
C & H Die Casting
Cadillac Products Packaging Company
Carrier Air Conditioning
Carrier Mexico S.A. de C.V.
CBC Metals Processing
Central Moloney, Inc.
Century Aluminum Company
Century Aluminum of Sebree LLC
Chief Industries
Claridge Products & Equip Inc.
Claridge Products & Equipment
Coating Excellence International
Coilmaster Corporation
Colmac Coil Manufacturing Inc.
Comet Metals Co.
Conductores Monterrey, S.A. de C.V.
Constellium
Cooper Industries/RTE
Crown Extrusions, Inc.
Custom Aluminum Products, Inc.
Custom Grinders
Custom Laminating Corporation
D & W Fine Pack
Daikin Applied
Dee Zee, Inc.
Des Champs Laboratories
DRS-Marlo Coil
Durable, Inc.
Electric Research & Manufacturing Co.
Electromanufacturas, S. de R.L. de C.V.
Elixir Extrusions, LLC
Elringklinger USA, Inc.
Encore Wire Corporation
Evapco, Midwest
FCA US
Flexcon Industrial, LLC
Gateway Extrusions, Ltd.

General Cable Corporation
General Cable de Mexico, S.A. de C.V.
General Motors Components Hold
GEO Specialty Chemicals
Gibbs Die Casting Corporation
Glencore Ltd.
Glitterex Corporation
H & W Wire Corp.
Handi-Foil
Howard Industries
Hydro Aluminum
Hydro Aluminum North America
Ideal Tape Co., Inc.
Intertape Polymer Group
J M Huber Corporation
J. Aron & Co.
James Hardie Building Products
JBC Technologies
Kemira Water Solutions, Inc.
KY Assoc. of Electric Coop.
Lasalle Bristol Corporation
Lennox Industries, Inc.
Leroy Somer North America
Liebert Corporation
Lite Gauge Metals
Luvata Heatcraft
Lydall Thermal/Acoustical
Lynch Metals
Marley Electric Heating Co.
Marubeni America Corp./Detroit
Medalco Metals, Inc.
Metal Exchange Corp.
Mitsubishi International Corporation
Modine Manufacturing Co.
Nehring Electrical Works Co
New Age Industrial Corp Inc.
Nordyne Inc.
Peerless of America, Inc.
Penn Aluminum International LLC
Penny Plate Inc.
Ply Gem
Porocel Industries, LLC
Power Partners, Inc.
PQ Corporation
Printpack, Inc.
Prolec GE International
Prometco
Prysmian Cables and Systems USA LLC
REA Magnet Wire Co. Inc.
Research Products Corp.
Revere Packaging
Rheem Manufacturing Company
RPS Products
Samuel
Scepter Resources
Shurtape Technologies, Inc.

Siemens Energy, Inc.
Siplast Incorporated
Smart USA
Snap-Lok, Inc.
Southeastern Tool & Die
Southern Ionics
Southwest Electric Company
Sun Process Converting, Inc.
Super Radiator Coils
Superior Essex
Superior Essex Communications
Superior Essex International LP
Superior Extrusion, Inc.
Swarco
Temtrol
The Okonite Company
The Trident Company
Three D Metals, Inc.
Thyssenkrupp Materials NA
Tower Extrusions
Trafigura Trading LLC
Trane Air Conditioning
Trinidad Benham Corp
UOP, LLC
US Alco
Ventrol Air Handling Systems Inc.
W. R. Grace & Co.
Western Extrusion Corporation
Western Plastics Inc.

**(J) DIRECTORS & OFFICERS**

Alan H. Schumacher
Antoine Liddell
Carl J. Rickertsen
Carol R. Clifton
Dale W. Boyles
Donald J. Suray
Elliot G. Sagor
Gail E. Lehman
Greg L. North
John Habisreitinger
Julio C. Diniz Costa
Layle K. Smith
Michael J. Griffin
Mike Fox
Nina A. Corey
Pansy Johnson
Pasquale "Pat" Fiore
Patrice Niedbalski
Richard B. Evans, Chairman
Ronald S. Rolfe
Scott M. Croft
Stephen Robuck
Thomas R. Miklich
Todd D. Barrett
William H. Brooks

**(K) PERMIT ISSUERS AND REGULATORS**

**RELEVANT TO THE DEBTORS**

Government of Jamaica

**(L) RELEVANT TAXING AUTHORITIES**

Alabama Department of Labor
Alabama Department of Revenue
Arizona Dept. of Revenue
Arkansas Department of Finance and Administration
Arkansas Department of Workforce Services
California State Board of Equalization
Carroll County Trustee
Collector of Taxes, Jamaica
Corporation Income Tax, State of Arkansas
Delaware Division of Revenue
Department of Finance & Administration, State of Arkansas
Department of the Treasury
Florida Department of Economic Opportunity
Florida Department of Revenue
Georgia Department of Revenue
Illinois Department of Employment Security
Illinois Department of Revenue
Indiana Dept. of Revenue
Inland Department of Revenue of St. Lucia
Internal Revenue Service Headquarters Building
Iowa Dept. of Revenue
Jackson County, Dianne Burgess Collector
Kansas Dept. of Revenue
Kentucky Department of Revenue
Louisiana Department of Revenue
Massachusetts Dept. of Revenue
Missouri Department of Revenue
Missouri Department of Labor
N.C. Department of Revenue
Nebraska Dept. of Revenue
New Jersey Department of Labor and Workforce Development
New Jersey Division of Taxation
New Madrid County Collector - Dewayne Nowlin
New York State Dept. of Taxation and Finance
North Carolina Department of Revenue
NYS Corporation Tax
Pennsylvania Department of Revenue
Pennsylvania Dept. of Labor and Industry
Rowan County Tax Collector
South Carolina Department of Revenue
St. James Parish Property Taxes
St. John Parish Property Taxes
State of Louisiana Unemployment Office
State of New Jersey
State of New Mexico
State of Tennessee
State of Tennessee Unemployment Office
State of Texas Unemployment Office
Tax Administration Jamaica, King Street Revenue Centre
Tennessee Department of Revenue

Texas Comptroller of Public Accounts
Texas Department of Revenue
Town of Huntingdon
Washington Department of Revenue
Washington Employment Security Department
Williamson County, TN
Wisconsin Department of Revenue
**(M) Insurance Providers**
ACE American Insurance Company
ACE Bermuda Insurance
ACE Property & Casualty Insurance Company
ACE Property & Casualty Insurance Company
AIG Europe Limited
American Guarantee & Liability Ins.
American International Reinsurance Co.
Aspen Insurance- United Kingdom
Axis Insurance Company
Berkley Insurance Co.
Commerce and Industry Insurance Company
Endurance Risk Solutions ASS
Factory Mutual Insurance Co.
Freedom Specialty Insurance Co.
Hanseatic Insurance Co.
Illinois National Insurance Co.
Insurance Co. of State of PA
Liberty Mutual Fire Ins. Co.
Liberty Surplus Ins. Corp.
Lloyds of London
National Union Fire Insurance Co. of Pittsburgh, PA
Navigators Insurance Company
New Hampshire Insurance Company
North American Specialty Insurance Company
Ohio Casualty Insurance Co
Scor UK Company
Starr Indemnity & Liability Company
Steadfast Insurance Company
Swiss Re International
Twin City Fire Insurance Co.
Xl Insurance America, Inc.
Zurich
**(N) LANDLORDS**
Five Corporate Centre Acquisition Company
Max Trans
SH Bell Company
**(O) LITIGATION COUNTERPARTIES**
Asbestos Corporation, Limited
Cape Fox Corporation
Caterpillar, Inc.
CBS Corporation, f/k/a Viacom, Inc., merger to CBS
Corporation, f/k/a Westinghouse Electric Corp.
Certain-Teed Corporation
Continental Teves, Inc.
Crown, Cork and Seal Company, Inc.
CSR, Ltd., a/k/a Consolidated Sugar and Refining
Donjon Marine Co. Inc.
General Electric Company

General Gasket Corporation
Georgia-Pacific, LLC
Goodison Mining Limited
Government of Jamaica
Grinnell, LLC
Honeywell International, Inc.
J.P. Bushnell Packing Supply Co.
John Crane, Inc.
Kaiser Jamaica Bauxite Company
Louisiana Department of Environmental Quality
(LDEQ)
Metropolitan Life Insurance Company
Navar, Inc.
Pnuemo Abex Corporation
Rachel Carlton
Riley Power, Inc. f/k/a Riley Stoker Corporation
The Dow Chemical Company
The J.R. Clarkson Company, successor to The
Knuckle Valve Company and successor to J.E.
Lonergan Company
Union Carbide Corporation
**(P) ORDINARY COURSE PROFESSIONALS**
Burris, Thompson & Associates
Cambridge Advisory Group, Inc.
Cole Schotz, P.C.
Crowe Horwath LLP
Davis Polk
Fay, Nelson & Fay, LLC
FDH Consulting, LLC
FDH Resources, LLC
Frost Brown Todd, LLC
Greystone Capital Partners
Henry W. Fayne
Jackson Lewis LLP
Kean, Miller, Hawthorne, D'Armond, McCowan &
Jarman, LLP
Lattimore, Black, Morgan, & Cain, PC
Matthews & Zahara, P.C.
McHaney & Associates, Inc.
Morgan, Lewis & Bockius, LLP
O'Melveny & Myers LLP
Osburn, Hine, Yates & Murphy, LLC
PerformPlus Consulting, LLC
Polsinelli PC
Porter Hedges LLP
Robinson & Lawing, LLP
Saiber LLC
Sedgwick Law
Semler Brossy Consulting Group, LLC
Steven Plotkin
Thompson Hine, LLC
Towers Watson Delaware, Inc.
Vaco, LLC
Wachtell, Lipton, Rosen & Katz
Windrow Phillips Group
**(Q) NON-LENDER SECURED PARTIES**

A & B Transport, Inc.
AEP River Operations LLC
American River Transportation
Ameridrivers International
Anytime Hotshot & Delivery
AOA Services, Inc.
Artco
Averitt Express, Inc.
AWC, Inc.
Boland Marine & Manufacturing Company
Buchheit Trucking Service, Inc.
CDW Direct, LLC
Celtic Marine Corporation
CN
Con-Way
CRH Transportation
CSX Transportation
Cummings-Moore Graphite Co.
Dayton Freight Lines Inc.
DHL Express
Direct Freight Corporation
DMI Contractors, Inc.
DNOW L.P. (Wilson Mill, Tool)
Eagle Ship Supply, Inc.
Em-Cal Inc.
Estes Express Lines
Faith Global Transportation, LLC
Farmers Oil Corp.
Federal Express
Four Star Fabricators Inc.
FTI Logistics
GE Canada
General Electric Canada
Geodis Wilson USA, Inc.
Gulf Inland Marine Services, Inc.
Hapag Lloyd (America) Inc.
Hot Shot Freight
Hull Trucking
Ingram Barge Company
K.S. & D., Inc.
Kansas City Southern Railway
Livingston International
LME, Inc.
Lock City Trucking, Inc.
Lufkin Southeastern Gear Repair
M & S Specialized LLC
Marisol International LLC
Max Trans L.L.C.
Mid-Ship Group LLC
Mid-Ship Logistics Group
Motion Industries, Inc.
Neo Industries Inc. (05)
Nola Logistics Services, LLC
Nova Hydraulics
Oakley Trucking, Inc.
Old Dominion Freight Line

Paincourtville Motor Service, Inc.
Penzel Construction Company
Ports America, Inc.
Primetals Technologies USA,LLC
Quality Carriers, Inc.
R&L Carriers, Inc.
Radiatronics NDT, Inc.
Remedial Construction Services L.P.
Ryder Capital, S.A. de C.V.
Saia Motor Freight Line, Inc.
Satterfields
Scepter, Inc.
Schwerman Trucking Co.
Scott Financial Services, LLC
SH Bell Company
Shultz Steel Company
SNT Trucking & Warehousing
Southeastern Freight Lines
St Jude Harbor New Madrid Harbor Serv.
St. James Stevedoring Partners, LLC
St. John Fleeting, LLC
St. Jude & New Madrid Harbor Service, Inc.
Superior Carriers, Inc.
TBS Logistics Mo
Tennessee Aluminum Processors, Inc.
The CIT Group/Capital Finance, Inc.
Transwood Logistics, Inc.
Union Pacific Railway
United Parcel Service
United Power Services
USF Holland
Xtek, Inc.
Youngstown Hard Chrome
YRC
Ziegler
**(R) SIGNIFICANT COMPETITORS**
Alcoa
Aleris
Alexin LLC
Alpha Aluminum Products Inc.
Century Aluminum
Glencore
JW Aluminum
Matalco
Norsk Hydro
Novelis
Rio Tinto Alcan
Sherwin
Southwire
Sural
**(S) SIGNIFICANT SHAREHOLDERS**
Hotchkis & Wiley Capital Management
Royce and Associates Inc.
**(T) 30 LARGEST UNSECURED CREDITORS**
American River Transportation
Aramark

Artisan Contracting, LLC
Associated Terminals, LLC
Boh Brothers Construction Co., L.L.C.
Carmeuse Lime Sales Corporation
DMI Contractors, Inc.
Donjon Marine Co. Inc.
EIU, Inc.
Goodison Mining Limited
HDR Inc.
Koppers Industries, Inc.
Kostmayer Construction, LLC
Max Trans L.L.C.
Mechatherm
Mexichem Fluor Comercial, S.A. de C.V.
Mid-Ship Group LLC
Motion Industries, Inc.
Nalco Company
Nissan Lift Trucks
Occidental Chemical Corporation
Petrocoque S.A.
Progressive Roofing
Rain CII Carbon, L.L.C.
Remedial Construction Services L.P.
Sherwin Alumina Co., LLC
Steward Steel
U.S. Bank National Association
University and Allied Workers Union
Vecta Environmental Services, LLC
**(U) U.S. TRUSTEE**
Barbara J. Dorsey
Cynthia E. Moore
Karen R. Wilson-Smith
Kathy Lickenbrock
Leonora S. Long
Margaret E. Slaughter
Martha M. Dahm
Paul Randolph
Sandra Herling
**(V) UNIONS**
Bustamante Industrial Workers Union (BITU)
International Association of Machinists & Aerospace Workers
Union of Technical, Administrative and Supervisory Personnel (UTASP)
United Steelworkers of America
University and Allied Workers Union (UAWU)
**(W) UTILITY PROVIDERS**
Air-Nu of Baton Rouge, L.L.C.
Alcoa Primary Metals
Allied Waste Services
Amerenue
Associated Electric Cooperative
AT&T
Atmos Energy Marketing, LLC
Austin Fire Systems LLC
Big River Telephone Co. LDD, Inc.

Carroll County Electric Dept.
Centerpoint Energy
Charter Communications Holding Co.
Chemical Waste Management Inc.
Cintas Fire Protection
City of Salisbury
Comcast
Continuum Retail Energy Services, LLC
Cox Communications Louisiana, LLC
Diaz Water Department
Downums Disposal Service
Duke Energy
Enable Gas Transmission, LLC
Entergy Services, Inc.
Lemons Landfill Corporation
Level 3 Communications, LLC
Liberty Utilities
Pemiscot-Dunklin Electric Cooperative
Piedmont Natural Gas Co.
Republic Services
Republic Waste Services of North Carolina, LLC
St. Jude Industrial Park Board
St. John the Baptist Parish Utilities
Texican Horizon Energy Marketing LLC
Town of Huntingdon
Twin Eagle Resource Management, LLC
Union Electric Company
Verizon Wireless
Waste Management of TN-Jackson
West TN Public Utilities Dist.
**(X) KEY VENDORS**
3M
A. Karchmer & Sons, LLC
A.W. Chesterton Company
Air Products & Chemicals, Inc.
Alcoa Primary Metals
Alcoa, Inc. North America Primary Division
Aluminpro, Inc.
Aluminum Rheinfelden GmbH
Aluminum Rheinfelden GmbH
American Chemical Technologies
American Iron & Metal
American River Transportation
AMG Aluminum North America, LLC
AOA Services, Inc.
Aramark
ARG International
Artisan Contracting, LLC
Associated Electric Cooperative
Associated Terminals, LLC
AT&T Mobility
Autoneum
Avkem International LLC
Bank of America- HSA
Bawtry Carbon International Limited

Belisle Machine and Tool
Bigbites Limited
Bluequest Resources Overseas Ltd.
Boh Brothers Construction
Brubaker Associates, Inc.
Bryan Cave LLP
Buss AG
Calumet Lubricants Company
Calumet Penreco
Cape Electrical Supply Co.
Caraustar Ind., Inc.
Carlton-Bates Company
Carmeuse Lime Sales Corporation
Carrier Corporation
Carroll County Electric Dept.
CCMA, LLC
Centerpoint Energy
CMC Recycling
CMC-Cometals
Continuus Spa
Cornerstone Chemical Company
Crowe Horwath LLP
Cytec Industries, Inc.
Dark Horse Rail Service
Deep South Crane & Rigging, LLC
Dewayne Nowlin
DMI Contractors, Inc.
DNOW L.P. (Wilson PVF)
Duke Energy
Ecovery, LLC
Electroless Nickel Plating
Electroless Nickel Plating of LA
Entergy
ERB Industrial Equipment
Fleetwood-Signode
Four Star Fabricators Inc.
Frost Brown Todd, LLC
GE Canada
General Cable de Mexico
General Electric Canada
Gexpro
GHD Engineering Group Inc.
Glencore Commodities
Glencore, Ltd.
Gregory Construction
GSM Sales Formerly Globe
GT Commodities
Gulf Inland Marine Services, Inc.
Harbison Walker Refractories
HDR Inc.
Henry A. Petter Supply Co.
Hertwich Engineering GmbH
Hoesch Metallurgie GmbH
Houghton International, Inc. (D.A. Stuart Company)
Hunter Equipment Co., Inc.
Huntington Plating Inc.

Ideal Chemical & Supply Co.
Imrie-Gielow Inc.
Industrial Chemicals Inc.
Intelex
J. Aron & Company
J.R. Hoe & Sons, Inc.
JBM Inc.
Jiaozuo Fluochem Industry Co. Ltd
K.S. & D., Inc.
Kansas City Southern Railway
KBM Affilips B.V.
Koppers Industries, Inc.
Kostmayer Construction, LLC
KT Grant, Inc.
Leeds Specialty Alloys, LLC
Legacy Equipment
Lemons Landfill Corporation
Liberty Utilities
Linde, Inc.
Lindsay Hamling
Louisiana Department of Revenue Sales
Lynn Whitsett Corporation
M & S Specialized LLC
Madison Electric Service Inc.
Manpower
Mars Machine and Repair Services
Max Trans L.L.C.
Mechatherm International Ltd.
Merichem Chemicals & Refinery Services
Metal Exchange Corporation
Metalloid Corporation
Metaullics Systems / Pyrotek
Mexichem Fluor Comercial, S.A. de C.V.
MFA Oil Company
MH Equipment
Mid-Ship Group LLC
Motion Industries, Inc.
Neuenhauser Maschinenbau GmbH
New Age Industrial Corp. Inc.
Nissan Lift Trucks
Noble Americas Corp.
Noble Resources
Nola Logistics Services, LLC
Oakley Trucking, Inc.
Occidental Chemical Corporation
Onedo Nalco Company - Dallas
Oxbow Calcining LLC
Paincourtville Motor Service, Inc.
Parman Energy Corporation
Pemiscot-Dunklin Electric Cooperative
Penzel Construction Company
Petrocoque S.A.
Phelps Dodge International
Pipe Link of Australia
Primetals Technologies USA, LLC
Pyrotek, Inc.  (02)

Pyrotek,Inc./Neco Division  (04)
Quality Machine Manufacturing, Inc.
R.J. Tricon Co., LLC
Rain CII Carbon, L.L.C.
Red Stick Armature Works, Inc.
Reintjes Services, Inc.
Remedial Construction Services L.P.
Resource Tek, LLC
Rheinfelden Alloys
Rheinfelden Alloys GmbH and Co. KG
Riotinto Alcan Inc.
River Parish Contractors, Inc.
RTW Refractory Inc.
Ruetgers Canada Inc.
RWH Myers
Ryder Capital
S & W Pallet Company
Safety-Kleen Systems Inc.
Scepter, Inc.
Service Aluminum Corporation
SGL Carbon GmbH
SH Bell Company
Shultz Steel Company
Siemens Industry, Inc.
Simcoa Operations Pty. Ltd.
Sims Metal Management
Southwest Electric Co.
St. Jude Harbor New Madrid Harbor Serv.
St. Jude Industrial Park Board
Steven Plotkin
Steward Steel
TDC, LLC
Tennessee Aluminum Processors, Inc.
Tennessee Valley Recycling, LLC
Texican Horizon Energy Marketing LLC
The Reynolds Company
Trafigura Trading LLC
Transwood Logistics, Inc.
Turner Specialty Services, LLC
Twin Eagle Resource Management, LLC
U.S. Maritime Services Inc.
Vaco, LLC
Valicor Separation Technologies, LLC
Valley West Welding Co. Inc.
Vecta Environmental Services, LLC
Watson Standard Adhesives
Web Converting, Inc.
Whelan Security Co.
Worley Parsons HE
Xtek, Inc.
Ziegler

## **EXHIBIT B**

Declaration of Gail E. Lehman

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | |
|---|---|
| In re: | **Chapter 11** |
| **NORANDA ALUMINUM, INC.,** *et al.*, | **Case No. 16-10083-399** |
| Debtors. | **(Jointly Administered)** |

<u>**DECLARATION OF GAIL E. LEHMAN**</u>

I, Gail E. Lehman hereby state and declare as follows:

1.      I am the General Counsel of Noranda Aluminum Holding Corporation.  In that capacity, I am responsible for supervising outside counsel and monitoring and controlling legal costs for Noranda Aluminum, Inc. and its subsidiaries that are debtors in these cases (collectively, the "**Debtors**").

2.      I submit this Declaration in support of the Application for Authority to Employ Carmody MacDonald P.C. as Local Restructuring Counsel for the Debtors (the "**Application**"). Except as otherwise noted, I have personal knowledge of the matters set forth herein.

3.      Carmody MacDonald P.C. ("**Carmody MacDonald**") is the proposed local restructuring counsel to the Debtors.  The process used by the Debtors to review and select their restructuring counsel involved an evaluation of potential counsels' expertise in relevant legal practice areas and in similar proceedings in this District and elsewhere.  After evaluating multiple candidates for local counsel, the Debtors retained Carmody MacDonald to work with lead restructuring counsel at Paul, Weiss, Rifkind, Wharton & Garrison LLP ("**Paul Weiss**").

4.      The Debtors retained Carmody MacDonald because of its experience in corporate reorganizations and its expertise in areas of law closely aligned with the Debtors' goals and interests in these Chapter 11 cases.  I believe Carmody MacDonald is well-qualified to represent the Debtors in these and similar matters as they may arise during the course of these cases.

5.      As local restructuring counsel, Carmody MacDonald will render professional services to the Debtors whenever possible or appropriate that are not duplicative of the services to be performed by Paul Weiss.  To the extent specific services can be more efficiently handled by Paul Weiss, Carmody MacDonald will not handle such services unless otherwise directed by the Debtors.

6.      Carmody MacDonald has informed the Debtors that its rates and the material terms of its engagement with the Debtors are consistent with bankruptcy representations of this nature.

7.      The Debtors will review and approve Carmody MacDonald's prospective monthly budget and staffing plans for these Chapter 11 cases once deemed appropriate, and such budget and staffing plans will be supplied to the Court and the United States Trustee in these cases.

8.      The Debtors recognize that in larger Chapter 11 cases such as these, it is possible that Carmody MacDonald may incur unforeseen fees and expenses that will need to need to be addressed by the Debtors.  The Debtors further recognize their responsibility to closely monitor the billing practices of attorneys to ensure that the fees and expenses paid by their estates remain consistent with the Debtors' expectations and the demands of the cases.  The Debtors will timely review the invoices that Carmody MacDonald regularly submits and, together with Carmody MacDonald, may periodically amend the budget and staffing plans for these cases as they develop.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on

February 17, 2016

Respectfully submitted,


/s/ Gail E. Lehman
Gail E. Lehman

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DIVISION

|  |  |
|---|---|
| **In re:** | **Chapter 11** |
| **NORANDA ALUMINUM, INC.,** *et al.*, | **Case No. 16-10083-399** |
| Debtors. | **(Jointly Administered)** |

## <u>DISCLOSURE OF COMPENSATION OF ATTORNEYS FOR THE DEBTORS</u>

Pursuant to section 329(a) of Title 11 of the United States Code, Rule 2016(b) of the Federal Rules of Bankruptcy Procedure, and Rules 1002(C)(10) and 2016-1(A) of the Local Rules of Bankruptcy Procedure of the United States Bankruptcy Court for the Eastern District of Missouri, I, Christopher J. Lawhorn, hereby certify as follows:

1.     Carmody MacDonald P.C. ("<u>Carmody MacDonald</u>") received a retainer in the amount of $100,000 from the Debtors in two installments, beginning on January 26, 2016.  Prior to the filing of the Debtor's petition for relief on February 8, 2016 (the "<u>Petition Date</u>"), Carmody MacDonald applied the retainer against invoices for attorneys' fees and expenses incurred on or after the date on which Carmody MacDonald received the first retainer installment.  Specific details regarding the retainers and the remaining balance thereof will be provided in the Debtors' forthcoming application to employ Carmody MacDonald as local restructuring counsel.

2.     There is no agreement of any nature as to the sharing of any compensation to be paid to Carmody MacDonald, other than sharing among the shareholders, partners and associates of Carmody MacDonald.

Dated:   February 17, 2016             Respectfully submitted,
         St. Louis, Missouri
                                       CARMODY MACDONALD P.C.

                                       By:    /s/ Christopher J. Lawhorn
                                              Christopher J. Lawhorn, #45713MO
                                              Angela L. Drumm, #57678MO
                                              Colin M. Luoma, #65000MO
                                              120 South Central Avenue, Suite 1800
                                              St. Louis, Missouri 63105
                                              Telephone:  (314) 854-8600
                                              Facsimile: (314) 854-8660
                                              cjl@carmodymacdonald.com
                                              ald@carmodymacdonald.com
                                              cml@carmodymacdonald.com

                                       *Proposed Local Counsel to the Debtors and
                                       Debtors in Possession*