UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| **In re:**<br><br>**NORANDA ALUMINUM, INC.,** *et al.*,<br><br>Debtors. | **Case No. 16-10083-399**<br><br>**Chapter 11**<br><br>**Jointly Administered**<br><br>**Re:** Docket No. 171 |

### ORDER APPROVING DEBTORS' APPLICATION FOR AUTHORITY TO RETAIN AND EMPLOY PJT PARTNERS LP AS INVESTMENT BANKER TO THE DEBTORS AND DEBTORS-IN-POSSESSION

Upon the application dated February 17, 2016 (the "Application")[1] of Noranda Aluminum, Inc. and its affiliated debtors and debtors-in-possession in the above-captioned cases (each a "Debtor," and collectively, the "Debtors"), pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016 and Local Rules 2014-1 and 2016-1 of for authorization to retain and employ PJT Partners LP ("PJT Partners" or the "Advisor") as their investment banker *nunc pro tunc* to the Petition Date under the terms and conditions set forth in that certain engagement letter, dated November 6, 2015, as amended and restated on January 25, 2016 (the "Engagement Letter"), as more fully described in the Application; and the Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and the Debtors representing that they provided proper and sufficient notice of the Application; and the Court having reviewed the Application; and the Court having found and determined that the relief sought in the Application is in the best interests of the Debtors, their estate and creditors, and all parties in interest and that

---

[1] All capitalized terms used and not defined herein shall have the meaning ascribed to them in the Application.

the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED that the Application is GRANTED in that:

1. The Debtors are authorized to retain and employ the Advisor as their investment banker effective *nunc pro tunc* to the Petition Date in accordance with the terms and conditions set forth in the Engagement Letter and to pay fees and expenses to the Advisor on the terms and conditions specified in the Engagement Letter.

2. The Advisor is authorized to provide the services detailed in the Engagement Letter in subparagraphs (a) through (p).

3. The Debtors will reimburse the Advisor for reasonable expenses incurred in connection with the performance of its engagement under the Engagement Letter including, without limitation, fees, disbursements and other charges by the Advisor's counsel to the extent provided for in the Engagement Letter as modified by this Order (including, without limitation, pursuant to the Indemnification Provisions as modified by this Order), which counsel shall not be required to be retained pursuant to section 327 of the Bankruptcy Code or otherwise; *provided, however*, that such fees shall not include fees related to fee applications or any related disputes; *provided, further*, that in the event that the Advisor seeks reimbursement from the Debtor for attorneys' fees and expenses consistent with the terms of this Order, the invoices and supporting time records from such attorneys shall be included in the Advisor's own applications and shall be subject to the approval of the Bankruptcy Court pursuant to sections 330 and 331 of the Bankruptcy Code.

4. The Indemnification Provisions set forth in the Engagement Letter and Attachment A of the Engagement Letter (the "Indemnification Agreement") are approved, subject to the following modifications:

2

(a) All requests of Indemnified Parties for payment of indemnity, reimbursement or contribution pursuant to the Engagement Letter shall be made by means of an application (interim or final as the case may be) and shall be subject to review by the Court to ensure that payment of such indemnity, reimbursement or contribution conforms to the terms of the Engagement Letter and is reasonable based upon the circumstances of the litigation or settlement in respect of which indemnity, reimbursement or contribution is sought; *provided*, *however*, that in no event shall Indemnified Party be indemnified in the case of its own bad faith, fraud, gross negligence or willful misconduct.

(b) In the event that Indemnified Party seeks reimbursement from the Debtors for reasonable attorneys' fees in connection with a request by Indemnified Party for payment of indemnity, reimbursement or contribution pursuant to the Engagement Letter, the invoices and supporting time records from such attorneys shall be included in the Indemnified Party's own application (both interim and final) and such invoices and time records shall be subject to the approval of the Court under the standards of sections 330 and 331 of the Bankruptcy Code without regard to whether such attorneys have been retained under section 327 of the Bankruptcy Code and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code.

5. The Advisor shall file fee applications on 120-day intervals from the commencement of these chapter 11 cases for compensation and reimbursement of expenses and shall be compensated for its services and reimbursed for any related expenses in accordance with and pursuant to the procedures set forth in sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable orders of this Court; *provided*, *however*, that the proposed fee structure and indemnification provisions set forth in the Engagement Letter shall be subject to review pursuant to the standard of review set forth in section 328 of the Bankruptcy Code and shall not be subject to the standard of review set forth in section 330 of the Bankruptcy Code, except solely by the Office of the U.S. Trustee for the Eastern District of Missouri (the "U.S. Trustee"), who, for the avoidance of doubt, shall be entitled to review applications for payment of compensation and reimbursement of expenses of

3

the Advisor under section 330 of the Bankruptcy Code.  The Advisor shall not be required to submit time records in support of its fee applications.

      6.      The Debtors are jointly authorized to pay the Advisors' monthly invoices under the procedures set forth in Local Rule 2016-2(B) and any applicable orders of this Court.

      7.      The Monthly Fee, Restructuring Fee, Sale Transaction Fee and Capital Raising Fee shall be deemed earned and payable when payable upon the terms specified in the Engagement Letter.  For the avoidance of doubt, the Restructuring Fee has not yet been earned and will not be earned upon the roll-up of the prepetition asset-based loan into the postpetition superpriority asset-based revolving loan or upon a partial repayment of any prepetition or postpetition revolving loans or term loans resulting from a sale that generates a Sale Transaction Fee payable to PJT Partners.

      8.      The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

      9.      The relief granted herein shall be binding upon any chapter 11 trustee appointed in these Chapter 11 Cases, or upon any chapter 11 trustee appointed in the event of a subsequent conversion of these Chapter 11 Cases to cases under chapter 7 of the Bankruptcy Code.

      10.      The terms and conditions of this Order shall be immediately effective and enforceable upon its entry, notwithstanding the possible applicability of Bankruptcy Rule 6004(h), other Bankruptcy Rules or the Local Rules.

      11.      The Advisor shall make all reasonable efforts to avoid any inappropriate duplication of services provided by any of the Debtors' other retained professionals in these Chapter 11 Cases.

4

12. To the extent the Application, the Engagement Letter, or any prior order or pleading in these cases is inconsistent with this Order, the terms of this Order shall govern.

13. The Advisor shall apply the expense advance for payment of expenses authorized by this Court to be paid before seeking expense reimbursement from the Debtors.

14. Nothing herein shall be construed to permit the Advisor to be allowed reimbursement or compensation for fees or expenses the Advisor incurs in defense of the Advisor's fees from legal challenge.

15. The Debtors have represented that proper, timely, adequate and sufficient notice of the Application has been provided in accordance with the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.

16. No later than two (2) business days after the date of this Order, the Debtors shall serve a copy of the Order and shall file a certificate of service no later than 24 hours after service.

DATED: March 18, 2016
St. Louis, Missouri
cke

Barry S. Schermer
United States Bankruptcy Judge

5

**Order Prepared By:**
Alan W. Kornberg
Elizabeth McColm
Alexander Woolverton
Michael M. Turkel
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
1285 Avenue of the Americas
New York, New York  10019